## NEW YORK SUPERIOR COURT.

### GEORGE WILLIAMS agt. JOHN O'KEEFE and another.

A *corporation ordinance* forbidding a greater rate of speed than that fixed as legal therein, for vehicles in the city of New York, is competent and proper *evidence* in an action for damages caused by being run over by a vehicle in such streets, to show that the plaintiff was free from negligence, though it furnishes no evidence of negligence in fact on the part of the defendants.

A citizen of the city of New York is presumed to know of the existence of its ordinances and their provisions, and has a right on the presumption that they will be obeyed. The law of negligence discussed by MONELL, J.

Unless proof of negligence on the part of the plaintiff is so strong that the court would set aside a verdict in his favor as against the weight of evidence, it is not proper to take that question from the jury.

*General Term, October,* 1862.

BOSWORTH, *Ch. J.,* MONCRIEF, ROBERTSON, BARBOUR and MONELL, *Justices.*

APPEAL from a judgment. Case was tried by a jury.

On the 23d of November, 1859, in the evening, plaintiff was passing up the Bowery. When crossing Second street the plaintiff was struck by one of the defendants' stages, (whose route lay through the Bowery and Second street.) The pole struck the plaintiff, knocked him down, broke his arm and injured his neck. The plaintiff testifies that the stage was going " furious," " pretty hard," " a hard trot," " going fast." The plaintiff offered in evidence an ordinance of the corporation, declaring it to be unlawful to drive any vehicle in streets of the city faster than six miles an hour, or faster than upon a walk in going around the corner of any street. This was objected to by the defendants. This objection was overruled, and the defendants excepted. The defendants moved to dismiss the complaint, on the ground, substantially, that the accident was occasioned by the plaintiff's negligence, or that his own negligence contributed to produce the injuries. The motion was denied, and the defendants excepted. Considerable testimony was given by the defendants, designed to contradict the plaintiff's evidence. The jury rendered a verdict in favor of the plaintiff for fifteen hundred dollars.

A motion for a new trial was denied at special term, and this appeal is as well from the order denying the motion, as from the judgment.

GEO. R. THOMPSON, *for the appellants.*

I. The verdict is clearly against the weight of evidence. II. The ordinance of the city of New York against driving at a greater rate of speed than that allowed therein, was inadmissible in evidence to show neglect on the part of the defendants. An infraction of such an ordinance is, in itself, no evidence of negligence ; and, besides, there was no evidence to show such an infraction. The ordinance may have been violated, and the party violating it have been still guiltless of negligence. Indeed, cases may be

supposed in which it would be evidence of great neglect not to violate the ordinance. The ordinance was no evidence, and should have been excluded. (*Brown* agt. *The Buffalo & State Line R. R. Co.*, 22 *N. Y.*, 191.)

S. C. H. BAILEY, *for the respondent.*

By the court, MONELL, J. There was no valid objection to proving the corporation ordinance regulating the rate of speed of vehicles in the city. The objection to it was, that no infraction of it having been shown, it was immaterial. It does not appear for what purpose it was offered, and although it furnished no evidence of negligence in fact on the part of the defendants, (*Brown* agt. *The B. & S. L. R. R. Co.*, 22 *N. Y. R.*, 191,) yet it seems to me it was proper and competent evidence for another purpose, namely, as tending to prove, in connection with other testimony, that there was no negligence on the part of the plaintiff. This ordinance was one of the public laws of the city, and as such was presumed to have been known to all citizens. This knowledge was calculated to regulate, in a greater or less degree, the care which any one traveling upon the streets would exercise. The presumption is, that the ordinance would be observed; that in turning around a corner from one street into another, necessarily passing over the cross-walk, the pace of the horses would be slackened to a walk. Surely, then, a foot passenger knowing that such an ordinance existed, and believing that it would be observed, would not be called upon to exercise that care and prudence which he would exercise if there was no restriction upon the rate of travel. So that, if he had reason to believe the vehicle would hold up to a walk as it approached the side-walk, he would and might properly and with safety act very differently than if he believed the vehicle would continue on across the side-walk at a rapid rate. The evidence, in my judgment, was therefore proper as tending to relieve the plaintiff from the imputation of neg-

ligence on his part, and could well be considered by the jury in connection with other evidence for that purpose.

As I understand the law as now settled by the court of last resort in this state, *negligence* is a question of fact for the jury to determine, whether it be negligence on the part of either party. The plaintiff must be free from fault, but he need not show it affirmatively in the first instance. He must be able to satisfy the jury, from all the facts and circumstances in the case, that he has not by his own neglect contributed in any degree to the injury. (*Johnson* agt. *The Hudson River R. R. Co.*, 20 *N. Y. R.*, 65.) DENIO, J., in this case says, (*p.* 69,) after stating the general rule : " the plaintiff's case when presented to the jury, must not be defective on that point, any more than upon that of the defendant's negligence." He further says : " it is not a rule of law of universal application, that the plaintiff must prove affirmatively that his own conduct on the occasion of the injury was cautious and prudent. The *onus probandi* in this as in most other cases, depends upon the position of the affair as it stands upon the undisputed facts." And again : " the culpability of the defendant must be affirmatively proved before the case can go to the jury, but the absence of any fault upon the part of the plaintiff may be inferred from circumstances."

Accordingly, it seems to be well settled that unless the proof of negligence on the part of the plaintiff is so strong that the court would set aside a verdict in his favor as being clearly against the weight of evidence, it is not proper to take that question from the jury. Independently of this view, I cannot discover any evidence in the case, up to the time the plaintiff rested, which can properly impute any negligence to him.

The motion to dismiss the complaint was properly overruled.

The relation given by the defendants' witnesses of the accident as seen by them, if I could believe it referred to

the same accident testified to by the plaintiff, would cer-
tainly excite the suspicion that the jury had not dealt fairly
between the parties.   But without entering upon an analysis
of the testimony, it is sufficient that I believe the defend-
ants' witnesses saw another and different accident occur-
ring possibly on the same evening, at about the same place,
and near the same hour.   The plaintiff's relation of the
accident and of its consequences is, that he did not leave
his house for nine or ten days after he received the injury.
The plaintiff's and defendants' witnesses stood confronting
each other, and the jury who tried the cause were best able
to determine whose was the correct version of the affair.
It is enough for us that we cannot say their verdict is
clearly against the weight of the evidence.

The case seems to have been fairly put to the jury.   The
judge charged as requested by the defendants, that there
could be no recovery by the plaintiff, if the jury believed
that the accident was caused by his negligence, or that his
negligence in any degree contributed to the accident.   The
jury have found against the defendants upon all the ques-
tions, and we see no reason for disturbing their verdict.

The judgment must be affirmed.