Baxter agt. The Second Avenue Railroad Company.

---

## NEW YORK SUPERIOR COURT.

ANN BAXTER agt. THE SECOND AVENUE RAILROAD COMPANY.

Courts never decide what is or is not *abstract negligence.* Whether a want of care is imputable to a person, must always, in all cases, depend upon *facts,* which in each case essentially determine the question.

In getting at some general rule, as far as may be, of what would be negligence or want of proper care, neither of the extremes can be adopted, but a medium of the two extremes—as a want of *common, ordinary* care or prudence.

The right to travel upon a street or highway is common to all. They do not belong exclusively to drivers of vehicles. *Foot passengers* have the right to walk upon them; and except for the greater difficulty of guiding and arresting the progress of vehicles, it is, as a matter of law, as much the duty of the vehicles to keep out of the way of the foot passengers, as it is for the latter to escape being run over by the former.

So long as there is no interference with the public right of passage upon streets and highways in cities and villages, railroads thereon are lawful structures. But if operated upon the theory of exclusive right to their track, they become usurpers and wrong doers.

In an over-crowded city like New York, it is of vital importance that the greatest caution and care should be observed by drivers of all kinds of vehicles.

Where the plaintiff, in the exercise of common and ordinary prudence, had ample time to cross a street before the defendant's horse car could reach her, but by an accident she slipped and fell upon the railroad, and was run over by the horses and car : *held,* that the railroad company was liable in damages.

*General Term, December,* 1865.

*Before* MONCRIEF, MONELL *and* McCUNN, *Justices.*

APPEAL from a judgment, and from an order denying a motion for a new trial. The action was to recover for personal injuries sustained by the plaintiff in being run over by one of the defendant's cars, in January, 1864. The plaintiff was attempting to cross the Second avenue, at Thirty-first street. She said, in her testimony, that she

started from the east side of the avenue, to cross upon the lower crosswalk to the opposite side. The defendant's four-horse car was not then at the upper crossing or corner. Her foot caught in the easterly track, and in extricating it she slipped and fell upon the westerly track, upon which the defendant's car was approaching. She was knocked down by the horses, and the car passed over her. Upon her cross-examination, she testified that, at the time of the accident she had a basket containing some groceries on her left arm. There was not a great deal of snow on the street or crossing; it was slippery; that when she began to cross she looked and saw a four-horse car coming up the hill very fast—not at a gallop, but very quick for four horses; she felt perfectly sure she could cross with safety; it was an up-hill grade, and they were coming up the hill. She said, she discussed in her mind before she attempted to cross, whether she could cross before the car reached her, and she made up her mind it was safe to cross, and concluded that the horses were so far off she could safely do so. She further testified, that when she commenced crossing, the defendant's car was half way between Thirty-first and Thirty-second streets.

The action was tried by Mr. Justice GARVIN and a jury. The defendant moved to dismiss the complaint, on the ground that the accident was owing to the plaintiff's imprudence and negligence. The motion was denied, and the defendant excepted. The justice charged the jury that if the plaintiff was guilty of any negligence, or contributed in any degree towards the injuries she received, she could not recover. That the law was, that if she was guilty of "a want of common, ordinary care or prudence," then she was guilty of negligence; and he instructed the jury that if they found that the plaintiff exercised "common, ordinary care and prudence in going across the street, at the time and under the circumstances which existed in the case," then she was free from fault. The defendant

excepted to so much of the charge as gave a definition of negligence. They requested the justice to charge the jury "that if there was danger of the plaintiff's slipping or falling, while crossing in front of the car, she ought not to have attempted to cross until after the car had passed." The justice refused so to charge, and the defendant excepted. The jury gave the plaintiff a verdict for $3,000. A motion was made for a new trial on the judge's minutes, which was denied, and judgment entered. The defendant appealed from the order denying the motion for a new trial, and also from judgment.

JOHN SLOSSON, *for appellant*.
WASHINGTON MURRAY, *for respondent*.

By the court, MONELL, J. In an action to recover damages for an injury to the person, occasioned by the negligent act of another, the plaintiff must be free from any fault which may have contributed to the injury. I had occasion in writing the opinion of the court in *Williams* agt. *O'Keefe* (9 *Bosw.* 536), to state the result of all the cases on this subject. In one case only, do I find any attempt to define the nature or quality of negligence (*Wilds* agt. *Hudson R. R. Co.* 24 *N. Y. R.* 430), and in that case a distinction, which some of the cases have made, between gross negligence and common care or prudence, is rejected as inapplicable to actions for personal injuries. It is undoubtedly correct to say there are no degrees in negligence, for whether it be great or small, if it can be seen that in any measure without it, the injury would not have happened, there can be no recovery. We are nowhere given the criteria or essence of negligence, nor can any be given. There are so many different elements, which of necessity must enter into it, and vary it, that no general principle can be established. It is prudent for a man possessed of all his senses and faculties, to do many things it would be highly

dangerous and imprudent for a person deaf, or blind, or lame, to perform. An adult may go in safety where an infant of tender years would be exposed to great peril. In all cases, therefore, whether a want of care is imputable to a person, must always depend upon facts, which in each case essentially determine the question. Courts never decide what is or is not abstract negligence. They sometimes put a construction upon the evidence intended to establish it, and say that the verdict of a jury is not or would not be supported by it, but they do nothing more.

In getting at some rule, general as far as may be, of what would be negligence or want of proper care, neither of the extremes can be adopted. One man with a high degree of caution will avoid the possibility of danger. Another, more reckless or confident, will rush into any kind of peril. Hence it is that the medium of the two extremes will come nearer to, and conform closer with, common sense and justice. What would persons ordinarily do under the circumstances? How would most persons act? Not the most prudent, nor the least careful, but what amount of care would the majority of persons exercise? In the case before us, the exception to the charge was in limiting the plaintiff's negligence to "a want of common, ordinary care or prudence." What amount of care or prudence is required of a person in crossing a public street? If more than ordinary care, then what standard shall we adopt? We cannot require the highest degree of caution, nor can we admit the lowest. Therefore, the common or ordinary degree embraces the middle and only safe standard.

In *Munger* agt. *Tonawanda R. R. Co.* (4 *N. Y. R.* 349), it is said (*p.* 358), "the result might have been avoided by the exercise of ordinary care on the part of the defendants." Again, "a person injured by an obstruction placed unlawfully on a highway, has been denied a right of action for damages, where it appeared that he had failed to use ordinary care." The cases cited in the opinion in *Wilds*

agt. *Hudson River R. R. Co.* (*supra*), all use the same or equivalent words. In *Fox* agt. *Town of Glastenbury* (29 *Conn. R.* 208), the rule is said to be that the party injured must have acted with ordinary prudence; and in *Gahagan* agt. *B. & L. R. R. Co.* (1 *Allen, Mass.* 187), it is affirmed that the party must be in the exercise of due care. In *Johnson* agt. *Hudson R. R. Co.* (20 *N. Y. R.* 65), the court say (*p.* 76), the party "must have conducted with ordinary care and prudence."

The charge of the judge to the jury, was, therefore, strictly in conformity with authority, and it seems to me also, in conformity with common sense. Had he attempted to form any other standard of negligence, he must have failed, or run into the error of requiring a greater or less degree of care and prudence than is observed by mankind in general. There was no error, therefore, in the charge. The refusal to charge as requested, and the motion for a nonsuit, involve the consideration of other propositions.

The motion for a nonsuit was on the ground that the accident was owing to the plaintiff's imprudence and negligence. A party seeking redress for personal injuries, must satisfy the jury that there was no fault imputable to him, and unless the evidence of negligence is of such a nature as to require the reversal of a verdict if found against it, it would be improper to take the question from the jury. (*Johnson* agt. *Hudson R. R. Co.*; *Williams* agt. *O'Keefe, ubi sup.*; *Wilds* agt. *Hudson R. R. Co.* 29 *N. Y. R.* 315.)

The plaintiff was a woman of fifty-four years of age, healthy, and in the use of all her limbs and senses; she had with her a grocer's basket, which was not heavy. It was mid-day, and a clear day. There was a little snow and a great deal of ice on the ground. She had passed down on the east side of the avenue from Thirty-fourth street to the lower side of Thirty-first street, where she attempted to cross on the cross-way. As she began to cross she looked and saw a four horse car coming up the hill (the

grade being ascending); she felt perfectly sure she could cross with safety; the car was then above the upper side of Thirty-first street, about half way the block between Thirty-first and Thirty-second streets; she looked long enough to make up her mind it was safe to cross, and concluded the horses were so far off she could safely do so; in crossing, her heel caught in the westerly rail of the easterly track; it took her whole strength to extricate her foot; in pulling her foot out the iron sprang up, and pitched her over upon the westerly track, and it being slippery, she fell; before she could recover herself the horses and car were upon her.

The only negligence that can be charged to the plaintiff, is in attempting to cross the avenue while the defendant's horse car was ascending a grade, nearly two hundred feet away. The catching the foot in the rail and subsequent falling, were accidents. There was ample time to cross; the car was distant, and she had the free use of her limbs. In considering the matter, time was the important thing. She could not anticipate what befel her before the car was upon her, and she felt sure there was time sufficient for her to reach the opposite side in safety. And such I think, would have been the reasoning and conclusion of any person. Had she not fallen on the track, she would undoubtedly have escaped. Upon all the facts, I am clear that the plaintiff was justified in attempting to cross the street, and that the motion for a nonsuit was properly overruled (*Brown* agt. *The N. Y. C. R. R.* 32 *N. Y. R.* 597).

The request to charge is involved in the question I have been discussing. The judge was desired to charge the jury " that if there was danger of the plaintiff's slipping or falling while crossing in front of the car, she ought not to have attempted to cross till after the car had passed." There is always more or less danger of slipping on ice, but the sure-footed seldom fall. I do not, however, think that

for any reason suggested in the request to charge, the plaintiff was bound to await the passage of the defendant's car. It was snow ice, which at most was never smooth, and under the facts of the case no jury would be justified in a verdict against the plaintiff on any such ground. The proposition of the appellant's counsel, in its scope and meaning, comes to this : that a foot passenger has no right upon a public street, as against a railroad corporation. And I regret to say that such seems to be practically the belief of drivers of most public conveyances, and of many private vehicles. There is often a reckless disregard of human limbs and life, and pedestrians are compelled, at the peril of broken bones or death itself, to keep out of the way. The right to travel upon a street or highway, is common to all. They do not belong exclusively to the drivers of vehicles. Foot passengers have the right to walk upon them ; and except for the greater difficulty of guiding and arresting the progress of vehicles, it is, as a matter of law, as much the duty of the vehicles to keep out of the way of the foot passengers, as it is for the latter to escape being run over by the former. The use of the streets of cities and villages, and of highways for railroads, is allowed only because it is considered not to be a substantial interference with their free and unobstructed use as highways for passage. So long, therefore, as there is no interference with the public right of passage, railroads are lawful structures. But if operated upon the theory of exclusive right to their track, they become usurpers and wrong doers.

I make these observations, that the practice of drivers, not of railroad cars only, but of omnibusses, carts, express wagons, &c., of disregarding the rights of foot passengers, may, if possible, be checked. In our over-crowded city, it is of vital importance that the greatest care and caution should be observed by the drivers of all kinds of vehicles. It is to the drivers we must look for a remedy for this great

and growing danger. The railroad companies and the omnibus proprietors cannot control their servants, and are not, therefore, morally responsible for their acts. The request to charge was properly overruled. If there was time for the plaintiff to pass, I do not think that she was bound to wait, even though there may have been danger of slipping or falling, until the car passed.

Not having discovered any error in the trial, I am in favor of affirming the judgment and order.