By the Court.—Monell, J.
It is entirely clear, I think, that when the plaintiff rested his case, there was •not sufficient evidence either of the negligence of the defendant, or of an absence of concurring negligence on the part of the child, to have warranted a verdict in his favor. He had not given any evidence of the manner in Avhich the accident occurred. Hone of his witnesses saw the boy until he was under the horses’ feet or beneath the car. How he came there did not appear; whether by sheer recklessness of his own, or how otherwise, none of the witnesses could or did say. All or some of the circumstances and facts which should have been shown to satisfy the law that the boy had not contributed by his own fault to the accident, were omitted; and it was left, I think, wholly to conjecture whether he was or was not in fault. Certainly there was no affirmative proof which would have authorized *447 the jury at that stage of the case, in finding that the boy was free from fault.
Again, when the motion was made there was no sufficient proof of any negligence of the defendants. The evidence was, that the car was turning into a street; going ■at its usual rate of speed, and the boy first seen under the horses’ feet. It did not appear that he was or could have been seen by the driver or conductor, or that by the exercise of any care the misfortune might have been averted. Indeed, I think the case was quite destitute of satisfactory evidence to excuse the boy or to •charge the defendant, and had the learned judge granted the motion we would have felt constrained to have sustained his judgment. But his denial of the motion . raises another and different question.
It is claimed by the respondent that although the plaintiff’s evidence may have failed to come up to the standard of proof required, yet inasmuch as the defect was afterwards supplied, the exception is unavailing. That is undoubtedly so; and the court will not disturb a verdict on the ground of insufficiency of proof, when a motion to non-suit was made, if the deficiency is afterwards supplied (Kent v. Harcourt, 33 Barb. 491; Schenectady & S. P. R. Co. v. Thatcher, 11 N. Y. R. 102). It becomes necessary, therefore, to see whether such deficiency was afterwards supplied.
The principle which requires a plaintiff to establish affirmatively that he did not contribute by his own fault to the injury, does not render it necessary that such proof should be given in the first instance ; but it will be sufficient if when the case goes to the jury it is not infirm in that respect.
And if from the whole of the evidence the jury can be satisfied there was no contributive negligence, their verdict will be upheld.
This deduction was made from the cases in Williams *448 v. O’Keefe, (9 Bosw. 536, 538, affirmed by the Court of Appeals), and the rule has not since been changed.
Nor need the proof be direct and positive. The jury may look at the facts and attending circumstances, and determine from them the question (Warner v. N. Y. Central R. R. Co., 44 N. Y. R. 465, 481); and in one case (Johnson v. Hudson R. R. Co., 20 N. Y. R. 71) the court say the jury may regard the disposition of men to take care of themselves and keep out of difficulty as an element tending to negative the charge of contributive negligence.
A bare presumption is not sufficient (Button v. Hudson R. R. R. Co., 18 N. Y. R. 248). There must be some tangible proof, or the attending circumstances must be such as to show the party was not in fault. Then it becomes a question for the jury.
The motion for a non-suit was renewed at the close of all of the evidence, on the ground that the deficiency in the plaintiff’s case had not been supplied; in other words, that it had not been shown that the deceased was free from contributive negligence. And whether we look at it in the light of an exception to the refusal to non-suit.on■ that ground, or as a motion founded on the weight of the whole evidence, the result will be the same. There was sufficient evidence of contributive negligence to prevent a recovery.
This decision is not put upon the ground that the burthen being upon the plaintiff, he had failed to furnish sufficient affirmative evidence exculpating the deceased from fault; but upon the ground that the defendants have abundantly proved that the deceased was in fault; and that to his own misconduct may justly be attributed his death.
The court correctly charged that an infant, even of the tender age of the deceased, was to be held to the same degree of care and prudence that should be exercised by one of more mature years.
*449 How, applying that rule to this case, what does the evidence disclose % Why, that as the car was passing around the curve the boy was close to the track (one witness says within three feet); the driver hallooed to him ; he tried to run out of the way, became bewildered, and ran under the horses. Another testified that when the driver hallooed the deceased was standing with his face towards the car ready to run,—he started across the track. Another said the boy was standing on the curbstone when the car came around the curve; he started at an angle and ran ahead of the car ; he made across to head the car off, and he ran into the horses.
This evidence was furnished by the defendants, and. no further evidence was furnished by the plaintiff, and from it, it must be seen, I think, that not only does it fail to supply the defect in the latter’s case, but that it establishes, affirmatively, that the death of the child was chiefly attributable to his own imprudence.
Is it probable, looking at the occurrence as we now must in the light of all the evidence, that this great misfortune would have happened, had that degree of care been observed that is ordinarily practised by a prudent person ? Even ignoring all or most of those rules which require persons crossing tracks of railroads to use their faculties, to look about them and to listen, we yet find .the conclusion almost forced upon us that the deceased recklessly attempted to cross the street in front of the car horses, and then it was that he became bewildered.
All this could be excused were it not for the inflexible rule of law'that holds an infant to the same prudence as is required of an adult. A youth might not be able to discover impending danger as readily or as surely as could one of mature age, and so he might take greater risks and make bolder dashes, feeling secure and confident in his ability to escape. But the law makes no exceptions ór distinctions. If any of the acts would be characterized as reckless or careless in a person of ordinary *450 prudence, they must be so characterized in a person even of the tender age of the plaintiff’s child.
In looking at all the evidence in this case, and giving to it, as well as to all surrounding circumstances, a view most favorable to the plaintiff, I cannot avoid the conclusion that it establishes such a want of care on the part of the deceased as should have procured a different result at the hands of the jury, whose large if not excessive verdict would seem to indicate a bias and prejudice against the defendant, rather than a just conclusion from the evidence.
The result I have reached has rendered it unnecessary to examine the evidence (if any there is) bearing upon the defendant’s negligence. It is sufficient that there was contributory negligence on the part of the deceased, and for that reason I am of the opinion that the defendant’ s motion to dismiss the complaint ought to have been granted.
The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.
Barbour, Oh. J., and Freedman, J., concurred.