JULIA ANN MASSOTH, ADMINISTRATRIX, ETC., RESPONDENT, v. THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANT.

*Contributory negligence — duty of one crossing track to look both ways — Presumption — Expression of opinion by the court — city ordinance.*

This action was brought to recover the damages sustained by the plaintiff, in consequence of the death of her intestate, occasioned by a collision with one of defendant's trains. The deceased was riding upon a load of hay, near to and on a line diagonal with the railroad track, upon a down grade. The team, which was driven by another person, became frightened by a train coming from behind, and, at the foot of the grade, whether from fright or from being urged was doubtful, sprang across the track; the wagon was struck by the train and the plaintiff's intestate killed. *Held,* that the question of his contributory negligence was properly left to the jury, and that a verdict in favor of the plaintiff would not be set aside.

The question of ordinary care, should be left to the jury where inferences are to be drawn from the proofs, which are not certain and incontrovertible, or if it is necessary to determine, what a man of ordinary care and prudence would be likely to do under the circumstances.

The defendant's counsel requested the court to charge, that in the absence of evidence as to whether or not the deceased looked out for the train when approaching the crossing, it was to be presumed that he did not look. *Held*, that the request was properly denied, as it could not, under the circumstances of this case, be presumed, as a matter of law, that he did not make proper observations.

*Reynolds* v. *N. Y. C. and H. R. R. R. Co.* (58 N. Y., 248) distinguished; *Weber* v. *N. Y. C. and H. R. R. R. Co.* (id., 451) followed.

The expression of an opinion by the court in its charge to the jury, should be advisory merely and not put in the form of a direction as a matter of law, and must be accompanied by explicit instructions, that it is their duty to consider the evidence and decide as they think the truth requires.

The fact that the train, at the time of the accident, was running through a city at a rate greater than that prescribed by its ordinance, is properly submitted to the jury as bearing upon the question of negligence.

*Quære*, whether the running at a greater rate than that prescribed by the ordinance is negligence *per se*.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the justice holding the Circuit, and a motion for a new trial on a case and exceptions ordered to be heard in the first instance at the General Term.

*Henry Smith*, for the appellant.

*Amasa J. Parker*, for the respondent.

BOCKES, J. :

This case comes before the court, on an appeal from an order denying a motion for a new trial on the judge's minutes, and on a case and exceptions directed to be heard in the first instance at General Term.

The plaintiff's intestate was riding on a load of hay, drawn by a pair of horses driven by his employer in the city of Cohoes, and when crossing the railroad track, the vehicle was struck by the engine of a passing train, and he was killed.

Evidence was given, tending to show negligence on the part of the defendant; as was also evidence, tending to show the plaintiff's

intestate guilty of contributory negligence, and on the whole proof the jury found a verdict for the plaintiff. It is sufficient here to say, that it is quite manifest on reading the evidence, that a case was made for the jury. That there was proof tending to show negligence on the part of those running the train, cannot well be disputed. Certainly on this branch of the case, it was one for the jury. So, too, there was evidence submitted, tending to show contributory negligence on the part of the deceased, or negligence for which he should be held responsible. It is insisted that this branch of the case is clearly and incontrovertibly with the defendant, and this is the principal point urged upon our consideration. We are of the opinion, however, that negligence on the part of the deceased is not rendered so entirely clear and conclusive on the proof, that there remained no question of fact for the jury. The deceased was riding on a load of hay in near proximity to the railroad track, and on a line diagonal therewith. Another person was driving the team. The train came partly from behind; the horses became somewhat frightened, perhaps to a considerable degree unmanageable; they were on a down grade, and when near the crossing, sprang ahead and proceeded with great rapidity, whether from fright or from being urged, was not rendered entirely clear by the proof. They ran across the track, but before the vehicle had passed entirely over, it was struck by the engine, broken in pieces, and the deceased was killed. Precisely what was omitted, that could have been done by the deceased or by the driver to avoid the collision, or precisely what was done by them, which should have been omitted after danger was reasonably to be apprehended or became imminent, is not so entirely certain as to relieve the case from fair discussion on the facts proved. The question of contributory negligence involved the consideration of numerous facts and circumstances and inferences therefrom. In this view of the case it is brought within the rule laid down in *Weber* v. *N. Y. C. and H. R. R. R. Co.* (58 N. Y., 451). It is there held, that a case is made for the jury on the question of ordinary care, if there be inferences to be drawn from the proof which are not certain and incontrovertible, or if it is necessary to determine what a man of ordinary care and prudence would be likely to do under the circumstances. This rule very clearly has application to the case in hand, and controls

it on the question of contributory negligence. It is manifest, we think, that the case became one of fact for the jury, on the proof submitted.

This conclusion, in effect, disposes of all the exceptions taken to the charge, and to the refusals of the learned judge to charge as requested. A few observations in regard to some of those exceptions may not, however, be out of place.

There was no direct evidence showing that the deceased either looked or did not look out for the train when approaching the crossing; and the defendant's counsel requested the court to charge the jury that, in the absence of evidence, it was to be presumed that he did not look. The court declined so to charge, and an exception was entered. There was no error in such refusal. It could not be presumed in this case, as matter of law, that he did not make proper observation. It did not necessarily follow that, because he was on the track and was killed, that he did not make observations as to the approaching train. He was not entire master of the situation. His position was different from a foot passenger. He was, perhaps, carried irresistibly into danger. The circumstances attending the occurrence were before the jury. His opportunity for observation was shown them, as also the peculiarity of his situation; and with no positive information on the subject, and no means of certainty in that regard, the fact, one way or the other, resting in inference, the question, with all others bearing on his negligence or want of due care and prudence, was for the jury. The case differs from *Reynolds, Administrator*, v. *N. Y. C. and H. R. R. R. Co.* (58 N. Y., 248), in the particulars above suggested, and falls within the rule laid down in *Weber* v. *N. Y. C. and H. R. R. R. Co.* (*supra*), that, if there are inferences to be drawn from the proof, which are not certain and incontrovertible, they are for the jury. As to all the other requests, the learned judge charged substantially as requested; and, as to the exceptions to various portions of the charge, it seems that the remarks excepted to were allowable commentaries on the evidence. It is not perceived that any erroneous proposition of law was laid down to the jury, nor were they improperly directed in their consideration of the facts, although there is one subject of exception not entirely free from criticism. A city ordinance

was put in evidence, prohibiting the running of trains within the corporate limits, at a greater rate of speed than eight miles per hour; attaching a penalty for its violation. It is insisted that the judge charged the jury, in effect, that a violation of that ordinance by the defendant was negligence *per se.* The learned judge did assume that it was proved that the train was running at a greater rate of speed than was fixed by the ordinance; but I do not understand him to say expressly, that the defendant was therefore guilty of negligence as matter of law. There are some pretty strong expressions in the charge on this subject, which might well have been omitted. But can it be justly said that they are open to the imputation of manifest error? The tenor of those observations was, that a violation of the ordinance, as to the rate of speed at which the train was running, was evidence for the consideration of the jury on the question of negligence. He said: " While if this train was running over eight miles an hour, it was running at a greater rate of speed than it was authorized to run through the city, therefore it is evidence to be submitted to you that this company was negligent." And again: " As I understand the evidence on the part of the defense, it confesses or admits, that the rate of speed was greater than that, which the ordinance of the city of Cohoes permitted; submitting to you then, as a question of fact to be found by you, I submit to you that it seems fair to say that the company has been guilty of negligence." And again: " There are a number of witnesses who have testified that the bell was rung and the whistle sounded; but this question is of less importance in this case, inasmuch as it is enough to find the company guilty of negligence, if running at a greater rate of speed than eight miles an hour." But he closes thus: "So upon the question of the company's negligence I think you will have no difficulty, though it is left as a question of fact for you." I think the case verges nearly upon the very sound rule laid down in *Allis* v. *Leonard* (58 N. Y., 288), and on first reading I thought it within the rule there declared. It was there held, that an expression of opinion by a court in its charge to a jury, calculated to influence their decision in a matter within their cognizance, will be critically scrutinized; that to be free from legal objection it must be advisory merely, and not put in the form of a direction as matter of law,

and must be accompanied by explicit instructions, that it is the duty of the jury, to consider the evidence and decide as they think the truth requires. It cannot be justly said, I think, that this case falls within the condemnation of this decision. The injury complained of, having occurred within the city limits, the ordinance limiting the rate of speed within them was competent evidence bearing on the question of negligence to be submitted to the jury. The contrary was held in *Brown* v. *The Buffalo and State Line R. R. Co.* (22 N. Y., 191). The evidence was admissible on the question of contributory negligence. (*Jetter* v. *N. Y. and H. R. R. Co.*, 2 Keyes, 154; *Williams* v. *O'Keefe*, 9 Bosw., 536; S. C., 24 How., 16.) The decision in *Brown* v. *The Buffalo and State Line R. R. Co.* was criticised in *Jetter's Case* (*supra*), and was, in fact, held in *Beisegel* v. *N. Y. C. R. R. Co.* (14 Abb. [N. S.], 29), to be overruled. (2 Abb. N. Y. Ct. of Apps. Dec., 458.) It is insisted, on the part of the plaintiff's counsel, that the court might have charged that the running of the train at a rate exceeding that fixed by the ordinance was negligence *per se*. An intimation to that effect, is given by Judge DENIO in *Wilds* v. *The H. R. R. R. Co.* (29 N. Y., on page 326). See, also, the remarks of ALLEN, J., in *Gorton* v. *The Erie Railway Co.* (45 N. Y., on page 662), where he speaks of obligations imposed by law upon railroad companies; also *Jetter's Case* and *Beisegel's Case* (*supra*). But it is sufficient here, that the court held, a violation of the ordinance, evidence bearing on the question of negligence, and submitted the question to the jury as one of fact.

In this view there was no error in the charge, nor was there any erroneous rulings on questions of evidence.

The order appealed from must be affirmed, and the plaintiff is entitled to judgment on the verdict, with costs.

Present — BOCKES and BOARDMAN, JJ.; LEARNED, P. J., not acting.

Ordered accordingly.