PHILLIP J. JETTER, Respondent, v. THE NEW YORK AND
HARLEM RAILROAD COMPANY, Appellants.

In the exercise of his lawful rights, every man has a right to act on the
belief that every other person will perform his duty and obey the law;
and it is not negligence to assume that he is not exposed to a danger
which can only come to him through a disregard of law on the part
of some other person.

Railroad companies cannot escape responsibility for using defective car-
riages, by borrowing them from one another.

Case of *Brown* v. *The Buffalo and State Line Railroad Company* (22 N. Y.,
191) commented on.

THIS is an appeal from a judgment of the New York
Common Pleas. The action was brought to recover for loss
of services, expenses, etc., occasioned by an injury to a child
of plaintiff, who was run over while crossing Canal street in
the city of New York, by a car of defendant; and was tried
before HILTON, J., and a jury. On the trial it appeared in
evidence, that the child was but six years of age, and was
partially deaf and dumb. She was accompanied by a female
servant of mature age. They were crossing from the north
to the south side of Canal street. The child was, at the time
of the injury, running a little ahead of the woman, and had
reached the south side of the railroad track when she was
hit by the horses of the car and knocked down, and one of
the wheels of the car passed over her arm, crushing it so as
to require amputation. The plaintiff gave evidence tending
to show that at the time the servant and child started to
cross the street, there was no car in sight, and the street was
free from vehicles; that defendant's car came rapidly around
a curve or corner with the horses on a run or jump, a short
distance from where the child was crossing, and so suddenly
that the child had not time to see and escape the danger, or
the servant time to rescue her from it. The plaintiff also
put in evidence, the ordinance of the city, forbidding cars
from turning a corner faster than on a walk, or to travel on
a street faster than six miles an hour. The defendants gave
evidence contradictory of the evidence of plaintiff on the

subject of the rate of speed, and tending to show negligence on the part of the child and its attendant, and showing that the car was stopped as speedily as practicable.

There was evidence also tending to show that the brakes on the car were defective, and for that reason the car could not be stopped sooner than it was; and it appeared that the car used by the defendants, on this occasion, belonged to the New Haven Railroad company.

The defendants' counsel moved for a nonsuit on the ground "that the evidence showed negligence on the part of the plaintiff, and no negligence in defendants." The motion was denied by the court, and defendants duly excepted. At the close of the evidence, the counsel for defendants requested the court to charge, "That it was negligence, on the part of plaintiff, to permit the child, suffering under such a deprivation, to be in the street without protection; that the defendants are not liable for any defect in the car or brake; that the burden of proof to sustain the charge of negligence is upon the plaintiff, and if there is any defect in the evidence of plaintiff to prove negligence of defendants, he cannot recover."

The court, among other things, charged the jury that the plaintiff's right to recover in the case depended upon whether he had satisfactorily established that the child was injured through the negligence of the defendants or of their servants; and, also, that there was no neglect on his part, or, which is the same thing, that there was no negligence of the child, directly contributing to the injury.

The court, referring to the testimony of one Goodman as witness for plaintiff, said: "Goodman says, that when he first saw the woman and child they were about stepping from the curbstone to the crosswalk, and at that time the car was not in sight, also that no vehicle was then to be seen in the street. Now, under such circumstances, a person about crossing a street, having in charge a child of tender years, has a right to take into consideration the fact, that by the city ordinances, no vehicle is permitted to turn a corner faster than a walk, nor to travel upon a street faster than six

miles an hour; and if, upon a proper calculation then made, the street can be crossed before any vehicle traveling at this rate can come upon them, it is not negligence to permit the child to cross by itself without the immediate protection which the law would otherwise require to enable a party to recover in a case of this kind, where the injury occurred in a street with many vehicles moving upon it at the time. If, therefore, you conclude that Goodman's statement in this respect is to be relied on, and the fact was as he testified, this rule may be applied; and you will consider whether, upon such a calculation, the woman and child might have crossed in time to avoid any collision, provided the defendants' car had been driven at no greater rate than the city ordinances permitted; and if they could, then you must assume that it was not negligence in the woman, under such circumstances, permitting the child to let go of her hand for the moment, and cross the street alone; while, on the contrary, if you shall come to the conclusion, from the entire evidence in the case, that at the time when they attempted to cross, the car was in view, then you are to consider whether the car was so near as to render the attempt unsafe, because if it was unsafe, it follows that it was negligence to allow the child to leave the immediate protection of the woman, and the plaintiff cannot recover, as in such case the acts of plaintiff's child and servant would be regarded as directly contributing to the injury, and the law would not look to see whether the defendants were negligent in a greater or less degree than the plaintiff, but would leave both parties where it found them."

In respect to the brakes, the court charged "that the defendants are bound to supply their cars not only with proper and sufficient brakes, but with all such improvements of an improved character as are found necessary to insure safety to the public who may either travel upon or across their track, or ride in the cars they provide; and if, therefore, you find that the brakes in use at that time upon the car were insufficient, and not of the proper kind; that the accident was the result of such insufficiency, and that the

car might, if properly equipped in this respect, have been stopped sooner than it was, and the accident thus have been prevented, the defendants are liable; and in considering the question it may not be amiss to bear in mind the evidence of those witnesses who testify to the rate of speed at which the car turned the corner of the street, or alley-way, before coming into Canal street, and the kind of brakes necessarily required to control a car going at the rate shown; and if, on examining the conflicting testimony upon this point, you come to the conclusion that the car came around the corner with the horses on a jump, as some have said, instead of a walk, as the city ordinances require corners to be turned, and that this movement was so sudden that the woman and child, exercising the caution which the law imposes upon all persons of mature years traveling upon the highway, did not see the danger until too late to avoid it, the defendants are liable, because in such a case the accident would be the result of their violating the ordinances of the city, and any person has a right, in traveling upon the street, to assume that other persons will travel only at the speed and in the manner pointed out by the ordinances. Upon these views, keeping in recollection what I said in opening, respecting the plaintiff's being required to show himself wholly free from neglect and acting within the rules I have stated, you will determine to whom you shall, upon the evidence, give your verdict."

To the charge, the defendants' counsel took the following exceptions:

"1. To all that part of the charge which referred to the rate of speed of the car when turning the corner, and the defendants' liability consequent upon the turning of a corner at greater speed than allowed by the ordinance.

"2. To all that part of the charge which left it to the calculation and discretion of the woman whether she could safely permit the child to cross the track alone.

"3. To all that part of the charge which held the defendants liable for any insufficiency of the brake or other apparatus of the New Haven car.

"4. To all that part of the charge which held that a person crossing the street had a right to take into consideration the rate of speed at which vehicles were authorized to be driven in the streets or round a corner."

The defendants also excepted "to the refusal of the court to charge as requested other than as already charged."

*Charles W. Sanford,* for the appellants.

*Tomlinson & Brigham,* for the respondent.

DAVIS, J.   I think there was no error in denying the motion for nonsuit.   The evidence on the part of the plaintiff tended strongly to show negligence in the management of the car; and, if his witnesses were entitled to credit, the servants of the defendants were not only violating the ordinances of the city, but, in turning the curve into Canal street at the speed described, were committing an act most likely to result in injuries to persons using the street.   The conflicting evidence on this subject, as well as upon several other questions, made the fact whether the injury was caused by negligence on the part of defendants one not only fit to be submitted to the jury, but which exclusively belonged to them under suitable instructions from the court.   Nor do I think the evidence showed such want of care on the part of the child or her attendant as could have been properly declared by the court to have been negligence contributing to produce the injury.   The child was of tender years and afflicted with infirmities that greatly added to the attention she required, but it appeared that she was sprightly and intelligent notwithstanding her affliction, and accustomed "to go of errands for her mother," and to some extent was familiar with the streets.   The evidence showed that she was accompanied by a woman of mature years, who walked with and near her; that, as they came to the crossing, the child ran a little way in advance of the woman, who was following her across the street; but, as plaintiff's witnesses testified, there was nothing whatever to indicate that there was any danger in this act.   The street, as they swore, was wholly free from vehicles, and the car

which injured her was not in sight. As a question of law, I am not prepared to say, under the circumstances, that it was the duty of the attendant to have kept the child constantly under her hand. The degree of care was dependent upon the circumstances of danger; and, in the absence of vehicles upon the street, and with no car in sight, nor aught to indicate that a separation of a few steps between the woman and child exposed the latter to injury, it would be a severe ruling that would take the question of plaintiff's negligence from the consideration of a jury. Men of ordinary care and prudence would have felt free, assuming the circumstances detailed by plaintiff's witnesses to be true, to have crossed the street without apprehension of danger; and this child and its companion are to be held to no higher obligation of vigilance. A person of extreme caution might have carried the child over; another of less caution might have clung to her with tenacity; and yet an ordinarily prudent person, seeing the street clear on either hand, might have suffered a child to have skipped along in advance in its natural playfulness, without reason to suspect any exposure to injury. In *Johnson* v. *The Hudson River Railroad Company* (20 N. Y., 65), Mr. Justice DENIO discussed the subject of the evidence of plaintiff's negligence contributing to an injury so as to defeat his action with the philosophic discrimination that distinguishes that eminent jurist, and to his views I do not hesitate to bring the humble tribute of my hearty assent. I do not mean to assert that the question of negligence on the part of plaintiff was, in this case, free from doubt, nor even to declare that the jury have, beyond question, passed upon it correctly; but what I mean to say is, that it was properly a question of fact for the jury to consider, and not of law for the court to adjudicate.

The exceptions to the refusals to charge were none of them well taken. The first request was not predicated of any of the facts in the case; for the child was not suffered "to be in the street without protection." She was constantly attended by the person in charge of her, and only temporarily separated while the child ran in advance along

the cross-walk. The facts on this point were fairly put to the jury by the court.

The second request was based upon the fact that the car belonged to the New York and New Haven Railroad company and not to defendant. But it was of no importance to whom it belonged. The party assuming to use it was responsible for its fitness for the use to which it was put. If the brakes were defective, the defendants were legally chargeable with any consequences that resulted from such defect while they were using the car for their own purposes.

The fourth request was sufficiently charged. Nor do I think any of the exceptions to the charge are well taken. The charge was careful, well considered and impartial. The learned judge first laid down the general rule of law on which the plaintiff's right to maintain the action depended, to wit, that "he must satisfactorily establish that the child was injured through the negligence of the defendants or their servants, and that there was no neglect on his part, or, which is the same thing, that there was no neglect of the child directly contributing to the injury;" and again at the close of the charge he recalled the attention of the jury to what he had said "respecting the plaintiff being required to show himself wholly free from neglect."

After referring to the evidence tending to show that the street was clear of vehicles and that no car was in sight, the judge said that, *under such circumstances,* a person about crossing a street having in charge a child of tender years has a right to take into consideration the fact, that by the city ordinances no vehicle is permitted to turn a corner faster than a walk, nor to travel upon a street at a faster rate than six miles an hour, and if, upon a proper calculation then made, the street can be crossed before any vehicle traveling at this rate can come upon them, it is not negligence to permit the child to cross by itself without the immediate protection which the law would otherwise require to enable a party to recover in a case of this kind, where the injury occurred in a street with many vehicles moving upon it at the time." To this the defendants' counsel excepted. The

substance of this part of the charge is nothing more than an assertion that a party who is doing a lawful act where there is no present danger or appearances to indicate its approach, has a right to assume that others will conform their conduct to the express requirements of the law, and not bring injury upon him by its violation; and that the care demanded of the party in such a case would not be the same as where the danger was present and apparent. I see no want of good sense or of sound law in this proposition. Every person traversing the streets of the city of New York has a right to feel that its municipal laws are to some extent a protection to his person through the obedience they exact and will receive from others. And though he has no right to place a blind reliance on such obedience and put himself in positions of danger, regardless of personal risk, yet, where no danger is manifest, and none can arise without a violation of an ordinance, it is not negligence to assume that nobody will bring it upon him by a breach of the ordinance. In short, in the exercise of his lawful rights, every man has a right to act on the belief, that every other person will perform his duty and obey the law.

The exception to "that part of the charge which held the defendants liable for any insufficiency of the brakes or other apparatus of the New Haven car," was aimed at and only reaches the question of the ownership of the car. Enough has already been said on the point of the liability of defendants for the defectiveness of a car in their actual use, though not in fact belonging to them. Railroad companies cannot escape responsibility for using defective carriages by borrowing them from one another.

While commenting on the consequences of the car being equipped with insufficient brakes, the learned judge added: "And in considering this question, it may not be amiss to bear in mind the evidence of those witnesses who testify to the rate of speed at which the car turned the corner of the street or alley-way before coming into Canal street, and the kind of brakes necessarily required to control a car going at the rate shown; and if, on examining the conflicting testi-

mony upon this point, you come to the conclusion that the car came around the corner with the horses on the jump, as some have said, instead of on a walk as the city ordinances require corners to be turned, and that this movement was so sudden that the woman and child, exercising the caution which the law imposes upon all persons of mature years traveling upon the highway, did not see the danger until too late to avoid it, the defendants are liable, because, in such a case, the accident would be the result of their violating the ordinances of the city, and any person has a right, in traveling upon the street, to assume that other persons will travel only at the speed and in the manner pointed out by the ordinances." To this part of the charge the defendants excepted. I think the proposition of this charge was entirely sound, although it seems at first blush to be in conflict with the rule laid down in *Brown* v. *The Buffalo and State Line Railroad Company* (22 N. Y., 191).

In that case, the defendants were running a train of cars in direct violation of a city ordinance which affixed a penalty of $150 for the act. The judge charged that if plaintiff was free from fault or negligence contributing to the injury, and the jury found that the injury was occasioned by, or would not have occurred but 'for, such violation of the ordinance, the defendant was liable. This court (with three dissenting judges) held, that this was error, because the penalty affixed by the ordinance was the only consequence which the law imposed for its violation.

That case stands upon grounds altogether too doubtful to justify its application to cases not strictly within it. The opinion confounds all distinction between civil remedies and criminal punishments, and the authorities cited by it go no farther than to hold that, where a specific penalty is prescribed by a law forbidding an act not *per se* criminal, the act *is not otherwise punishable as a public offense.* It failed to recognize the axiomatic truth that every person while violating an express statute is a wrong-doer, and, as such, is *ex necessitate* negligent in the eye of the law, and that every innocent party whose person is injured by the act which con-

stitutes the violation of the statute is entitled to a civil remedy for such injury, notwithstanding any redress the public may also have. It ignores, also, the principle above asserted, that every person pursuing his lawful affairs in a lawful way has a right to assume, and act upon the assumption, that every other person will do the same thing.

But this case is distinguishable from the one cited, in the important particular that it does not appear in the case that any penalty was affixed to the ordinance, or that it is otherwise than a general prohibition, the violation of which is punishable as a misdemeanor. It was only because it appeared in Brown's case that the public were entitled to a specific penalty of $150 for the forbidden act that it was held that a private citizen, whose person was injured by that act, had no redress, on the ground of its unlawfulness, and it seemed to be conceded that had the public remedy been general, instead of the particular one prescribed by the ordinance, the party injured by the criminal act would have had some claim to a civil remedy.

Besides, the part now objected to was a portion of the charge relative to the liability for using deficient brakes, and it will bear the construction, though, perhaps, it is a strained one, that the substance was that defendants would be guilty of negligence in running their cars, in violation of a city ordinance, around a corner on a jump, instead of on a walk, with brakes insufficient to prevent a collision with passers on the street who were themselves free from negligence.    So construed, the charge would not be obnoxious to any of the views expressed in *Brown* v. *The State Line R. R. Co.*, for, if that case holds that any one who will pay the pecuniary penalty may violate the statute which imposes it with civil impunity, it certainly enjoins that he shall not violate it in a negligent manner.    If his brakes are out of order, so that he cannot stop the breach of the law in time to prevent a personal injury to his neighbor, he is, for that reason, responsible to him for his damages.    While, individually, I do not concede that the violator of a city ordinance can escape civil responsibility for an injury to another, which he inflicts by

the offense, by showing that he committed the act with care and skill, and a due precaution to a perfection of equipment and means, yet I am bound to concede that, in the absence of those attributes, the case is a clear one against him.

In my opinion the judgment below ought to be affirmed.

DENIO, Ch. J., and PORTER, BROWN, DAVIES, and WRIGHT, JJ., concurring.

CAMPBELL, J., dissenting.