By the Court.—Van Vorst, J.
The city ordinance providing for railings around hoistways, and for their being closed on the completion of the business of each day, would seem to be a wise precaution in favor of policeman, fireman, and others who are often obliged to enter at night stores and warehouses, with which they are not familiar, to arrest burglars, extinguish fires, or for other lawful occasions, and the omission by the owner or occupant of a building to use the precautions indicated in the ordinance, would reasonably subject him to an action for damages in favor of one * lawfully on the premises, who should sustain injury through such, omission. A breach of the ordinance under such circumstances would be negligence. The violation of the ordinance being unlawful, the offender is not only liable for the penalty imposed thereby, but also to an action for damages in favor of one injured through the omission (Beisegel v. N. Y. Central R. R. Co., 14 Abb. Pr. N. S. 29).
The case of Brown v. State Line R. R. Co. (22 N. Y. 191), to which we have been referred by defendant’s counsel, holding a contrary doctrine with regard to the consequence of the violation of a municipal ordinance, duly passed, has been substantially overruled by the above case, as also in Jetter v. N. Y. & Harlem R. R. Co. (2 Keyes, 154), in the same court.
But the evidence does not establish that the defendant violated the ordinance in question. The defendant testified that when he left his store at the close of business hours, on the afternoon of the day in question, and several hours before the plaintiff sustained his in- * juries, the hoistway was closed. Tullebaum, the porter of the defendant, and whose business it was to close *136 the hoistway, says that he closed it and left the store in company with the defendant.
The testimony of the defendant and his porter is corroborated by the positive evidence of the witness Stevenson, who was in the store when it was closed. Before the store was locked up he looked up and saw that the hoistway was closed. This witness had property stored on the premises, and does not appear to have had any interest in the suit.
All these witnesses testify that the outside shutter was closed when they left the premises. There is no evidence to contradict these positive statements of these three witnesses, unless it be found in what is claimed to have been an admission made by the defendant to the plaintiff some months afterwards, that the hoist-way and window had been left open.
The direct admission if made, however, was not that the hoistway had been left open, but the window “ to dry paint.” The remainder of the claimed admission is inference only. The defendant denies positively the making of any such admission.
The evidence in regard to the defendant’s admissions, and especially so when it is positively denied, would not have justified the jury, in the event that the case had gone to them, to set aside the positive evidence of the three witnesses whose testimony is wholly unimpeached, except by such claimed admission of one of them, to the effect that the hoistway and shutters were closed when the store was shut up for the day.
And a verdict for the plaintiff obtained under such a state of proof, must have been inevitably set aside as against the clear weight of evidence.
The shutter and window being found open sometime after the store had been closed for the day, attracted the notice of the plaintiff, and had aroused his suspicions that all was not right. If the premises had been burglariously opened and entered, the plaintiff sup *137 posed it to be Ms duty to enter and arrest the offenders, and secure the building.'
The suspicious facts and circumstances upon which the plaintiff acted suggest an agency through which the window as well as the hoistway were opened, without attributing the same, in opposition to the evidence, to the negligence of the defendant.
We find no such conflict in the evidence as would have justified the submission of the case to the jury.
The exceptions to the judge’s rulings should be overruled, and judgment ordered on the verdict in favor of the defendant, with costs.
Freedman and Speir, JJ., concurred.