# N. Y. COMMON PLEAS.

## Jacob Haegi agt. The Providence and New York Steamship Company.

*Liability of common carrier — Complaint — Action for personal injuries and loss of baggage — Negligence — Answer — Defense — Jurisdiction.*

Plaintiff was a passenger upon defendant's boat plying between the cities of New York and Providence, Rhode Island, and the action is brought for personal injuries which plaintiff claims he sustained from a collision occurring between the steamboat and a sailing vessel, in consequence of which the steamboat was sunk, and the lives of the passengers imperiled ; and he also makes a claim for his baggage then lost. The allegation is that such accident, loss and injury was occasioned through the gross negligence of the defendants. The defendants deny the alleged negligence, and interpose, preliminarily, as their exemption from any liability charged against them, a decree of the district court of the United States, under the provisions of the act of congress of March 3, 1851 (*chap.* 43 *U. S. R. S., secs.* 4282 *to* 4289), limiting the liability of shipowners for collisions or other injuries occurring "without the privity or knowledge of such owners."

*Held,* that claims of this character are entirely without the purview of the act of 1851, and, therefore, the plaintiff's action was not affected by the order of the district court.

This statute expressly excepts from its operation claims for injuries predicated upon "the privity or knowledge of the owners," or acts for which, through such privity, they had become primarily responsible. There is nothing in the terms of the act by which it is intended to subject to such jurisdiction claims for losses occurring through their own neglect or violation of such positive duty they had assumed when their own unlawful acts were the direct or immediate cause of the injury.

A corporation acts through its immediate officers and agents. The privity and knowledge of such immediate agents and officers is that of the corporation.

There is no reason upon principle or upon any proper construction of the act of 1851, why such parties as claim damages, through injuries

Vol. LIV          19

Haegi agt. Providence and New York Steamship Co.

sustained from the primary neglect of a shipowner, should be held subject to the proceeding thereby contemplated.

The act of 1871 (*chap.* 100, *sec.* 43, *U. S. R. S.*, *sec.* 4493) confers upon a passenger the right to recover from the master, owner, or either, of the vessel, the full amount of damages to himself or baggage from explosion, fire, *collision*, or any other cause arising from any neglect or failure to comply with the various provisions of that act, regulating steam vessels engaged in the transportation of passengers and merchandise. The complaint alleges injury to the person of the plaintiff, and loss of his baggage through various omissions to comply with those provisions, and for such injuries arising through any of those causes, the act of 1871, in express terms, confers upon the party injured an unlimited right of recovery of any damages sustained thereby.

It is the *later* statute, and so far as the act of 1851 *abridges* those rights, the act of 1871 fully *restores* them, and they are to be maintained on common-law principles.

It is an axiomatic truth that every person, while violating an express statute, is a wrong-doer; and as such *ex necessitate* negligent in the eyes of the law, and that every innocent party injured by the act which constitutes the violation of the statute is entitled to a civil remedy for such injury, notwithstanding any redress the public may have.

*Special Term, December,* 1877.

MOTION to dismiss the complaint.

*Henry Wehle,* for plaintiff.

*Joseph H. Choate,* for defendant.

ROBINSON, *J.* — This action is brought against the owners of the steamboat Metis that, in August, 1872, was plying between the cities of New York and Providence, Rhode Island, for personal injuries plaintiff claims he sustained from a collision occurring between the steamboat and a sailing vessel, in consequence of which the steamboat was sunk and the lives of the passengers imperiled; and he also makes a claim for his baggage then lost. The allegation is that such accident, loss and injury was occasioned through the gross negligence of the defendant's officers and agents,

and through the negligence of the defendant: First, in the employment of unskillful seamen and navigators; second, in failing to provide and maintain on board their vessel life boats and other proper appliances for the saving of lives and property of the passengers, as required by law; and third, to provide necessary and proper life preservers, as required by law; or fourth, to provide or equip the vessel with proper officers; or fifth, with a competent and proper captain. The defendants, while denying any such alleged negligence, interpose preliminarily, as their exemption from any liability charged againt them, a decree of the district court of the United States for the southern district of the state of New York, rendered September, 1872, under the provisions of the act of congress of March, 1851 (*chap.* 43, *U. S. R. S.*, *secs.* 4282 *to* 4289), limiting the liability of shipowners for collision or other injuries occurring "without the privity or knowledge of such owners." And it is made to appear on their behalf that they have, so far as that act and the proceedings to be had under it, as authorized by the decision of the supreme court in *The Norwich Company* agt. *Wright* (13 *Wallace*, 104) and the rules adopted by that court, obtained by decree regularly entered, all the immunity which that act provides or could be obtained under the existing state of the laws of the United States appertaining to the subject. As common carriers of goods for hire, the defendants were insurers and answerable for all losses by accident, theft or robbery, and generally, unless their liability was limited by agreement, to all such casualties as might occur to the injury of the goods not occasioned by the act of God or the public enemies, and as carriers of passengers, they did not warrant the safety of the passenger from accidents, except such as might occur through their own want of due care in providing such safeguards for his safety and regard for his comfort as human foresight would permit. As carriers of goods they were liable (except in excepted cases) for every accident; as carriers of passengers they were only answerable

for their own positive neglect of duty. The act of 1851 relieves owner or owners of ships or vessels from responsibility to shippers of goods, from loss by fire, unless caused by their own design or neglect, or for any embezzlement, loss or destruction by the master, officers, mariners, passengers, or other persons, of property, goods or merchandise shipped on board, " or for any loss, damage or injury by collision, or for any act, matter or thing, loss, damage or forfeiture done, occasioned or incurred without the privity or knowledge of such owner or owners," beyond " the amount or value of the interest of such owner or owners respectively in such ship or vessel and her freight then pending." The fourth section of that act affords the general means, carried on through the rules established by the supreme court, for such appropriation and apportionment of the value of the vessel and freight among those who have sustained the injury contemplated by the act. This statute expressly excepts from its operation claims for injuries predicated upon the privity or knowledge of the owners, or acts for which, through such privity, they had become primarily responsible.

I can perceive nothing in the terms of the act by which it is intended to subject to such jurisdiction claims for losses occuring through their own neglect or violation of such positive duty they had assumed when their own unlawful acts were the direct or immediate cause of the injury. A corporation acts through its immediate officers and agents, who are intrusted with supervision and control of particular branches of its business. That done by the head or director of any such department of business is immediately the act of the corporation, through such human agency as the ideal being can give action and efficiency to its corporate powers. The privity and knowledge of such immediate agents and officers, is that of the corporation. If, therefore, the plaintiff establishes his case in this respect, and the corporation is directly chargeable with the negligence and misfeasance alleged, the claim in suit was not one entitled to

cognizance of the district court, to the exclusion of those who were properly entitled to participate in the assets brought in for distribution among such as had no other redress. I can perceive no reason upon principle or upon any proper construction of the act of 1851, why such parties as claim damages through injuries sustained from the primary neglect of a shipowner, should be held subject to the proceeding thereby contemplated. Its provisions are directed as against the stringent common-law rule, binding common carriers of goods and merchandise. As to all matters relating to the seaworthiness, the manning and equipping of a vessel for the proper conduct of its business, the owners are in privity with the freighters and passengers, and are liable to them for negligence in these respects, by which injury occurs to their property or persons. In my opinion, claims of this character are entirely without the purview of the act of 1851 (*Knowlton* agt. *Providence and N. Y. Steamship Co.*, 53 *N. Y.*, 76; *Carroll* agt. *Staten Island R. R. Co.*, 58 *N. Y.*, 142). But if it should be held otherwise, the act of February 28 1871 (*chap.* 100, *sec.* 43), confers upon a passenger the right to recover from the master, owner, or either, of the vessel, the full amount of damages to himself or baggage from explosion, fire, *collision* or any other cause arising from any neglect or failure to comply with the various provisions of that act regulating steam vessels engaged in the transportation of passengers and merchandise (*U. S. R. S.*, *sec.* 4493). The complaint alleges injury to the person of the plaintiff, and loss of his baggage through various omissions to comply with those provisions, and for such injuries arising through any of those causes, this later act, in express terms, confers upon the party injured an unlimited right of recovery of any damages sustained thereby. It is the later statute, and, so far as the act of 1851 *abridges* those rights, it fully *restores* them, and they are to be maintained on common-law principles. The regulations contained in any statute intended for the protection of the citizen in his person or property,

Haegi agt. Providence and New York Steamship Co.

confers upon him a right of action for damages arising from non-compliance, unless it is otherwise provided. In *Jetter* agt. *New York and Harlem Railroad Company* (2 *Keyes*, 161) the court of appeals say : "In short, in the exercise of his lawful right, every man has a right to act on the belief that every other person will act on his duty and obey the law" and state as "an axiomatic truth that every person, while violating an express statute, is a wrong-doer, and as such *ex necessitate* negligent in the eyes of the law, and that every innocent party injured by the act which constitutes the violation of the statute is entitled to a civil remedy for such injury, notwithstanding any redress the public may have." To the same effect is *Massoth* agt. *Delaware and Hudson Canal Company* (64 *N. Y.*, 532). Of course the injury must be imputable to and result in some essential particular from the neglect to comply with the statute. The allegations of the complaint are to that effect, and I must hold the proceedings and decree of the United States court unavailable as a defense to the case so stated. The issues of fact must proceed to trial.