STEPHEN P. WEEKS *vs.* CHARLES FLETCHER et al.

MARCH 25, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Master and Servant. Elevators. Question for Jury.*

Declaration alleged that plaintiff was injured, while operating an elevator in mill of defendant, by being struck by a truck which another employee had pushed across the floor towards the trap doors covering the elevator-well, and, the elevator lifting the doors as it ascended, the truck went into the opening and down into the cage; and in the first count alleged a violation of chapter 973, section 15 of the Public Laws, in that the elevator was not

equipped with an automatic signal apparatus, and in the second count alleged a violation of section 1121, C. P. A., in that the elevator opening was not protected by sufficient railings, gates, or trap doors:—

*Held*, that the question whether the violation of the statutory obligation was a concurrent cause of the accident was a question of fact for the jury, and proof of this would establish the negligence of the defendant; and though there might have been negligence on the part of the fellow-servant, this would not prevent recovery against either.

(2)   *Elevators.   To Whom Act Applies.*

*Held*, further, that the provisions of the act were for the benefit of all persons, whether in or out of the elevator, who are upon the landlord's premises as employees or by his invitation.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff and sustained.

DOUGLAS, C. J.   This case comes before the court on the plaintiff's bill of exceptions to the decision of the Superior Court sustaining the demurrer to the amended declaration.

The action is trespass on the case for negligence, and the relationship between the parties is that of master and servant.

It is alleged that the plaintiff was injured, while operating an elevator in the mill of the defendants, by being struck by a truck which another employee had pushed across the floor towards the trap doors covering the elevator well at the third floor.   As the elevator ascended it lifted the trap doors, and simultaneously the truck went into the opening and down into the elevator-cage.

The declaration is in two counts.   In the first count the plaintiff alleges a violation of section 15 of chapter 108 of the General Laws as amended by chapter 973 of the Public Laws, in that the elevator was not equipped with an automatic signal apparatus; and in the second count complains that the defendants violated section 1121 of the Court and Practice Act, in that the elevator-opening was not protected by sufficient railings, gates, or trap doors.

The defendants demurred on the following grounds:

First.   That it appears in each count thereof that the negligence, if any, was the negligence of a fellow-servant.

Second.   That it appears in each count thereof that the alleged negligence was not the proximate cause of the injury.

Third.   That it appears in each count thereof that the injury was not caused by the neglect of any duty owing to the plaintiff.

Fourth.   That the violation of the statute alleged in each count gives no right of action to the plaintiff.

Fifth.   That in each count no cause of action is stated.

The Superior Court sustained the demurrer to both counts on the grounds "that the alleged negligence of the defendants was not the proximate cause of the injury," and "that the statutory duty which the defendants are alleged to have violated is not a duty which is imposed for the benefit of a person in the position of the plaintiff."

(1)   We think the court erred in its finding upon both questions. The requirement that the elevator should have attached to it "some suitable appliance which should give automatically, at all times, on every floor of the building which it should approach, a distinct, audible warning signal that said elevator was in motion" was for the purpose of giving notice to persons whose business was upon such floor that the trap doors of the elevator well were about to open, and this warning was desirable to prevent such persons, not only from personally approaching dangerously near to the elevator, but also from wheeling or placing any movable thing dangerously near to it by means whereof either they or persons in the elevator might be injured. The duty of the fellow-workman, as alleged, was to propel the truck along the floor; and the failure to receive warning that the part of the floor occupied by the elevator-well was dangerous to use for that purpose may well have led him to the act which occasioned the accident.   We can see no distinction, for the purposes of the case, between stepping into the opening for want of a warning and propelling a truck towards it.   As it was the duty of the defendants to provide for giving the warning, their neglect may be shown to have contributed to the injury.   It would be incumbent upon the plaintiff to show by proper proof that he has suffered injury in consequence of the absence of signal apparatus.   This may be difficult, but that cases may arise in which it is possible is evidently contemplated by the statute which gives an action to a person so injured. It is alleged in the first count of the declaration that, but for

the neglect of the defendants to comply with this requirement of the statute, the fellow-servant in charge of the truck would not have rolled it into the elevator-opening. Proof of this allegation would establish the defendants' negligence as a concurrent cause of the accident, and though there might have been negligence on the part of the fellow-servant, this would not prevent recovery against either. *Venbuvr* v. *Lafayette Worsted Mills*, 27 R. I. 90. We can not say, as matter of law, that the fellow-workman did not wheel the truck towards the elevator because he received no warning that the elevator was approaching. This is a question of fact for the jury to decide, upon the evidence.

Substantially the same observations are applicable to the second count. The absence of a suitable railing or protection such as the statute requires may well have concurred with the act of the fellow-servant in causing the injury complained of. The neglect of the defendants, if it existed, was continuous and coincident in time with the act of the fellow-servant. If, as is alleged and may be shown, it was part of the business of the defendants' employees to wheel trucks upon the floor through which this elevator passed, it was the defendants' duty to provide such a railing or other protection for the elevator-well as would intercept a truck, as well as a person walking through the room.

(2)   The second ground of the decision is untenable in view of the provision of Pub. Laws cap. 973, § 2, as amended by C. P. A., § 1121, as follows: "In all cases in which any person shall suffer injury . . . in consequence of the failure of the lessee or owner or owners of any building to comply with the provisions of this and the preceding section . . . such lessees and owner or owners shall be jointly and severally liable to any person so injured. . . . It shall be no defence to said action that the person injured, or whose death ensues as aforesaid, had knowledge that any elevator was being operated in said building contrary to the provisions of this and the preceding section, or that such person continued to ride in said elevator with said knowledge."

Such language as this will bear no restricted construction.

The act is for the benefit of all persons, whether in or out of the elevator, who are upon the landlord's premises as employees or by his invitation. If the neglect of any of its provisions causes damage to such person without his fault, the act gives him a right of action therefor. See *Jetter* v. *N. Y. & Harlem R. R. Co.*, 2 Keyes, 154; *Freeman* v. *Glens Falls Paper Mill Co.*, 61 Hun. 125; *McRickard* v. *Flint*, 114 N. Y. 222; *Bodell* v. *Brazil Block Coal Co.*, 25 Ind. App. 655; *Dallemand* v. *Saalfeldt*, 175 Ill. 310, where similar provisions have been given a wide application.

The plaintiff's exceptions are sustained, the decision of the Superior Court is reversed, and the cause is remitted to the Superior Court for further proceedings.

*Albert B. Crafts,* for plaintiff.

*Vincent, Boss & Barnefield,* for defendants.