Jetter *v.* New York & Harlem R. R. Co.

## JETTER *v.* THE NEW YORK AND HARLEM RAIL-ROAD COMPANY.

### December, 1865.

The question of negligence on the part of an attendant, upon the street, of a child six years old, in allowing the child to run in advance when the street was reasonably clear of vehicles and other causes of danger, is one for the jury.*

Where an injury is caused to a passer-by by a defect in a railroad car, the company using the car at the time cannot escape liability by showing that the car was owned by and borrowed from another company.

In doing a lawful act where there are no present appearances of danger every man has a right to assume that others will perform their duty and obey the law, and not bring injury upon him by its violation.†

A person violating a public ordinance is a wrongdoer, and is necessarily negligent, and an innocent person injured by the illegal act is entitled to a civil remedy therefor.‡

Philip J. Jetter sued the New York & Harlem Railroad Company, in the New York common pleas, to recover for loss of services, and for his expenses, &c., occasioned by an injury to his child, which was struck and run over by a car on defendant's track, while crossing a street in the city of New York.

The child was about six years of age, deaf, and partly dumb. The car was driven at full speed of the horses, out of the depot and around a curve of the track into the center of the street. The child, who was accompanied on the street by an adult servant, was knocked down and severely injured.

The plaintiff, among other evidence, offered the city ordinance restricting the rate of speed of vehicles in the streets. At the close of plaintiff's evidence, and again at the close of their own evidence, defendants asked for a nonsuit on the ground that the negligence was wholly on plaintiff's part. This the court refused. By defendants' evidence it appeared that the car be-

---

* Compare Honegsberger *v.* Second Ave. R. R. Co., p. 378 of this vol., and cases cited in note.

† S. P. Newson *v.* N. Y. Central R. R. Co., 29 *N. Y.* 383.

‡ Followed in Beisigel *v.* N. Y. Central R. R. Co., *Ct. of App.*, Decem., 1870, 14 *Abb. Pr. N. S.* 29.

longed to the New Haven R. R. Co. There was also testimony which plaintiff insisted showed that the brakes were insufficient. Other details appear in the opinion.

Defendants requested the court to charge the jury, 1, that it was negligence on plaintiff's part, to permit the child, suffering under such a deprivation, to be in the street without protection; 2, that defendants were not liable for any defect in the car or brake; and lastly, that the burden of proof of negligence was on plaintiff, and if there was any defect in the evidence of plaintiff to prove negligence of defendants, he could not recover.

The court, among other things, charged the jury that "plaintiff's right to recover depends on whether he has satisfactorily established that the child was injured through the negligence of the defendants or of their servants, and also, that there was no neglect on his part, or which is the same thing, that there was no neglect of the child, directly contributing to the injury." The material parts of the charge appear more fully in the opinion.

The defendants excepted to the refusal to charge otherwise than as stated; and the plaintiff had a verdict of one thousand dollars.

*The common pleas*, at general term, affirmed the judgment entered thereon. The defendants appealed.

*Charles W. Sandford*, for defendants, appellants.

*Tomlinson & Brigham*, attorneys for plaintiff, respondent.

BY THE COURT.—DAVIS, J.—I think there was no error in denying the motion for nonsuit. The evidence on the part of the plaintiff tended strongly to show negligence in the management of the car; and, if his witnesses were entitled to credit, the servants of the defendants were not only violating the ordinance of the city, but, in turning the curve into Canal-street at the speed described, were committing an act most likely to result in injuries to persons using the street. The conflicting evidence on this subject, as well as upon several other questions, made the fact whether the injury was caused

by negligence on the part of defendants one. not only fit to be submitted to the jury, but which exclusively belonged to them under suitable instructions from the court. Nor do I think the evidence showed such want of care on the part of the child or her attendant as could have been properly declared by the court to have been negligence contributing to produce the injury. The child was of tender years and afflicted with infirmities that greatly added to the attention she required, but it appeared that she was sprightly and intelligent notwithstanding her affliction, and accustomed "to go of errands for her mother," and to some extent was familiar with the streets. The evidence showed that she was accompanied by a woman of mature years, who walked with and near her; that, as they came to the crossing, the child ran a little in advance of the woman, who was following her across the street; but, as plaintiff's witness testified, there was nothing whatever to indicate that there was any danger in this act. The street, as they swore, was wholly free from vehicles, and the car which injured her was not in sight. As a question of law, I am not prepared to say, under the circumstances, that it was the duty of the attendant to have kept the child constantly under her hand. The degree of care was dependent upon the circumstances of danger; and in the absence of vehicles upon the street, and with no car in sight, nor aught to indicate that a separation of a few steps between the woman and the child exposed the latter to injury, it would be a severe ruling that would take the question of plaintiff's negligence from the consideration of a jury. Men of ordinary care and prudence would have felt free, assuming the circumstances detailed by plaintiff's witnesses to be true, to have crossed the street without apprehension of danger; and this child and its companion are to be held to no higher obligation of vigilance. A person of extreme caution might have carried the child over; another of less caution might have clung to her with tenacity; and yet an ordinarily prudent person, seeing the street clear on either hand, might have suffered a child to have skipped along in advance in its natural playfulness, without reason to suspect any exposure to injury. In Johnson *v.* Hudson River R. R. Co., 20 *N. Y.* 65, Mr. Justice DENIO discussed the subject of the evidence of plaintiff's negli-

gence contributing to an injury so as to defeat his action, with the philosophic discrimination that distinguishes that eminent jurist, and to his views I do not hesitate to bring the humble tribute of my hearty assent. I do not mean to assert that the question of negligence on the part of plaintiff was, in this case, free from doubt, nor even to declare that the jury have, beyond question, passed upon it correctly; but what I mean to say is, that it was properly a question of fact for the jury to consider, and not of law for the court to adjudicate.

The exceptions to the refusals to charge were none of them well taken. The first request was not predicated of any of the facts in the case; for the child was not suffered "to be in the street without protection." She was constantly attended by the person in charge of her, and only temporarily separated while the child ran in advance along the cross-walk. The facts on this point were fairly put to the jury by the court.

The second request was based upon the fact that the car belonged to the New York and New Haven Railroad Company. and not to defendant. But it was of no importance to whom it belonged. The party assuming to use it was responsible for its fitness to the use to which it was put. If the brakes were defective, the defendants were legally chargeable with any consequences that resulted from such defect while they were using the car for their own purposes.

The fourth request was sufficiently charged.

Nor do I think any of the exceptions to the charge are well taken. The charge was careful, well considered and impartial. The learned judge first laid down the general rule of law on which the plaintiff's right to maintain the action depended, to wit, that "he must satisfactorily establish that the child was injured through the negligence of the defendants or their servants, and that there was no neglect on his part, or, which is the same thing, that there was no neglect of the child directly contributing to the injury;" and again, at the close of the charge, he recalled the attention of the jury to what he had said "respecting the plaintiff's being required to show himself wholly free from neglect."

After referring to the evidence tending to show that the street was clear of vehicles and that no car was in sight, the

judge said that, "*under such circumstances,* a person about crossing the street having in charge a child of tender years, has a right to take into consideration the fact, that by the city ordinances no vehicle is permitted to turn a corner faster than a walk, nor to travel upon a street at a faster rate than six miles an hour, and if, upon a proper calculation then made, the street can be crossed before any vehicle traveling at this rate can come upon them, it is not negligence to permit the child to cross by itself without the immediate protection which the law would otherwise require to enable a party to recover in a case of this kind, where the injury occurred in a street with many vehicles moving upon it at the time." To this the defendants' counsel excepted. The substance of this part of the charge is nothing more than an assertion that a party who is doing a lawful act where there is no present danger or appearances to indicate its approach, has a right to assume that others will conform their conduct to the express requirements of the law, and not bring injury upon him by its violation; and that the care demanded of a party in such a case would not be the same as where the danger was present and apparent. I see no want of good sense or of sound law in this proposition. Every person traversing the streets of the city of New York has a right to feel that its municipal laws are to some extent a protection to his person through the obedience they exact and will receive from others. And though he has no right to place a blind reliance on such obedience and put himself in positions of danger, regardless of personal risk, yet, where no danger is manifest, and none can arise without a violation of an ordinance, it is not negligence to assume that nobody will bring it upon him by a breach of the ordinance. In short, in the exercise of his lawful rights, every man has a right to act on the belief that every other person will perform his duty and obey the law.

The exception "to that part of the charge which held the defendants liable for any insufficiency of the brakes or other apparatus of the New Haven car," was aimed at and only reaches the question of the ownership of the car. Enough has already been said on the point of the liability of the defendants for the defectiveness of a car in their actual use, though not in fact belonging to them.

Jetter *v.* New York & Harlem R. R. Co.

Railroad companies cannot escape responsibility for using defective carriages by borrowing them from one another.

While commenting on the consequences of the car being equipped with insufficient brakes, the learned judge added: "And in considering this question, it may not be amiss to bear in mind the evidence of those witnesses who testify to the rate of speed at which the car turned the corner of the street or alley-way before coming into Canal street, and the kind of brakes necessarily required to control a car going at the rate shown; and if, on examining the conflicting testimony upon this point, you come to the conclusion that the car came round the corner with the horses on the jump, as some have said, instead of on a walk as the city ordinances require corners to be turned, and that this movement was so sudden that the woman and child, exercising the caution that the law imposes upon all persons of mature years traveling upon the highway, did not see the danger until to late to avoid it, the defendants are liable, because in such a case, the accident would be the result of their violating the ordinances of the city, and any person has a right, in traveling upon the street, to assume that other persons will travel only at the speed and in the manner pointed out by the ordinances." To this part of the charge the defendants excepted. I think the proposition of this charge was entirely sound, although it seems at first blush to be in conflict with the rule laid down in Brown *v.* Buffalo & State Line R. R. Co., 22 *N. Y.* 191.

In that case, the defendants were running a train of cars in direct violation of a city ordinance which affixed a penalty of one hundred and fifty dollars for the act. The judge charged that if plaintiff was free from fault or negligence contributing to the injury, and the jury found that the injury was occasioned by, or would not have occurred but for, such violation of the ordinance, the defendant was liable. The court (with three dissenting judges) held, that this was error, because the penalty affixed by the ordinance was the only consequence which the law imposed for its violation.

That case stands upon ground altogether to doubtful to justify its application to cases not strictly within it. The opinion confounds all distinction between civil remedies and criminal

punishments, and the authorities cited by it go no further than to hold that, where a specific penalty is prescribed by a law forbidding an act not *per se* criminal, the act *is not otherwise punishable as a public offense.* It failed to recognize the axiomatic truth that every person while violating an express statute is a wrong-doer, and, as such, is *ex necessitate* negligent in the eye of the law, and every innocent party whose person is injured by the act which constitutes the violation of the statute is entitled to a civil remedy for such injury, notwithstanding any redress the public may also have. It ignores, also, the principle above asserted, that every person pursuing his lawful affairs in a lawful way has a right to assume, and act upon the assumption, that every other person will do the same thing.

But this case is distinguishable from the one cited, in the important particular that it does not appear in the case that any penalty was affixed to the ordinance, or that it is otherwise than a general prohibition, the violation of which is punishable as a misdemeanor. It was only because it appeared in Brown's case that the public were entitled to a specific penalty of one hundred and fifty dollars for the forbidden act that it was held that a private citizen, whose person was injured by that act had no redress, on the ground of its unlawfulness, and it seemed to be conceded that had the public remedy been general, instead of the particular one prescribed by the ordinance, the party injured by the criminal act would have had some claim to a civil remedy.

Besides, the part now objected to was a portion of the charge relative to the liability for using deficient brakes, and it will bear the construction, though, perhaps, it is a strained one, that the substance was that defendants would be guilty of negligence in running their cars, in violation of a city ordinance, around a corner on a jump, instead of on a walk, with brakes insufficient to prevent a collision with passers on the street who were themselves free from negligence. So construed, the charge would not be obnoxious to any of the views expressed in Brown *v.* Buffalo & State Line R. R. Co., *supra,* for, if that case holds that any one who will pay the pecuniary penalty may violate the statute which imposes it, with civil impunity, it certainly enjoins that he shall not violate it in a negligent manner. If

his brakes are out of order, so that he cannot stop the breach of the law in time to prevent a personal injury to his neighbor, he is, for that reason, responsible to him for his damages. While, individually, I do not concede that the violator of a city ordinance can escape civil responsibility for an injury to another, which he inflicts by the offense, by showing that he committed the act with care and skill, and due precaution to a perfection of equipment and means, yet I am bound to concede that, in the absence of those attributes, the case is a clear one against him.

In my opinion, the judgment below ought to be affirmed.

All the judges concurred, except CAMPBELL, J., who dissented.

Judgment affirmed.