EDWARD DEVLIN *against* DANIEL GALLAGHER.

(Decided June 5th, 1876.)

Where a person blasting rocks in the city of New York fails to take such precautions against accidents as are required by the city ordinances, this is *prima facie* evidence of negligence sufficient to sustain an action on the part of any one who is injured by a blast made in violation of such ordinances.

EXCEPTIONS ordered to be heard in the first instance at general term, after a trial before Judge VAN BRUNT.

The plaintiff brought his action to recover from the defendant damages for a severe bodily injury he sustained from being struck with a stone thrown from a blast made by the defendant, while blasting rocks on some lots owned by him in the city of New York, in 49th street, near the East river. It appeared from the testimony offered by plaintiff, that the blast was not covered with timbers held in place with stones piled on top of them, as required by the ordinances of the city of New York (Rev. Ordinances of 1866, ch. 32); that notice was given of the intended firing of the blast, and plaintiff, who was working near it, ran off to the distance of 100 or 125 feet before the explosion. He was eight or ten yards behind, or farther away, than the flagman sent to warn off persons. As to

the distance considered necessary to retreat from a blast, plaintiff testiffed : " Whenever you stand behind a flagman you consider you are always safe. Q. When you passed the flagman, so that if the flagman was safe, you supposed you were safer ? A. I thought so. Cross-Q. How far were you in the habit of getting away from the blast ? A. According to the sort of work that is done ; some will go 200 feet ; some will stay 25 feet. Q. You use your own judgment, then ? A. Certainly ; when you go behind the flag, that is the law—you stand behind your flag ; if there had been any covering on it (the blast), it would not have gone that way (towards the East river) ; when there is no covering (to the blast) they are able to throw stones any distance." Michael Morgan testified : " Q. How far are you in the habit of going away when you have notice of a blast ? A. According to the blast ; if it is reported a dangerous blast, we run away far. Q. 200 feet? A. Yes, and 300 feet sometimes. Q. Ordinarily would you go more than 200 feet ? A. No, sir ; sometimes I stop within 25 feet of a place. Q. You use your own judgment? A. Just as I see the men in the habit of working on the place doing ; I stop with them generally." When plaintiff had rested, defendant's counsel moved for a dismissal of the complaint on the grounds :

First, that there was no evidence that the blast was a blast of rock and not of earth, and in that view, that the city ordinance had no application. If it were a blast of rock, the mere existence of the ordinance did not raise the presumption of negligence in the defendant.

Second, the plaintiff was guilty of contributory negligence in causing the injuries he received.

Plaintiff's counsel opposed the motion, and, among other things, insisted that it was a question of fact upon the evidence to be submitted to the jury.

The court granted the motion to dismiss the complaint, to which plaintiff excepted. The case and exceptions were ordered to be heard in the first instance at general term.

*H. P. Allen,* for plaintiff.

*Osborn E. Bright,* for defendant.

Robinson, J.—The point urged by defendant that the viola-
tion of the city ordinance was no evidence of neglect, and in-
volved no consequences except liability to the municipal corpo-
ration, cannot be sustained. The authority on which he relies
to maintain that proposition (*Brown* v. *Buffalo & S. L. R. R.
Co.* 22 N. Y. 191) has been overruled in this same court (of
Appeals) in the subsequent case of *Jetter* v. *N. Y. & Harlem
R. R. Co.* (2 Abb. Ct. App. Dec. 458; s. c. 2 Keyes, 154), and
*Beisegel* v. *N. Y. Central R. R. Co.* (14 Abb. Pr. N. S. 29), in
which it is held that the violation of a city ordinance, notwith-
standing a penalty imposed, is some evidence of the negli-
gence of a defendant in contributing to the injury complained
of. In *Jetter* v. *N. Y. & Harlem R. R. Co.* (*supra*), the
court say: " It (the decision in *Brown* v. *S. L. R. R. Co.*)
failed to recognize the axiomatic truth that every person, while
violating an express statute (and an ordinance, if duly passed, is
of like effect), is a wrong-doer, and, as such, *ex necessitate* negli-
gent in the eye of the law, and every innocent party whose per-
son is injured by the act which constitutes a violation of the
statute, is entitled to a civil remedy for such injury, notwith-
standing any redress the public may also have. It ignores also
the principle above asserted, that every person pursuing his
lawful affairs in a lawful way, has a right to assume and act upon
the assumption that every other person will do the same thing."

As to the other ground for a dismissal, that plaintiff was
guilty of contributory negligence in causing the injury, by not
removing to a greater distance than 125 feet, it is not sustained
by any evidence upon which the court could decide, as a matter
of law, upon the facts elicited by the proof (the material parts
of which are above cited), that he was guilty of any such negli-
gence on his part. It is substantially testified to, on his behalf,
that he did retire from the blast beyond the flagman, and that
such is the distance ("the law or custom") ordinarily deemed
safe. He was, at most, bound to exercise ordinary care and
prudence, while a much greater degree of care is called for on
the part of the defendant in exercising so dangerous a business
as blasting within the city limits or in places frequented by
persons engaged in other lawful employment.

The question of contributory negligence, in this case, was one that should at least have been submitted to the jury.

Order dismissing the complaint should be vacated, and a new trial ordered, with costs to abide the event.

JOSEPH F. DALY, J., concurred.

Ordered accordingly.