JOHN GOTTLIEB, Respondent, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

Plaintiff, a brakeman in defendant's employ, was crushed between two cars while coupling them. In an action to recover damages for the injury it appeared that defendant's road was so arranged that both broa dand standard gauge cars could be run upon it on the same train, and there were both kinds of cars upon the train in question. It broke in two in the night-time, and the two cars which plaintiff was required to couple were of different gauge ; failing to make the coupling the draw-heads passed each other, and the bumpers, which the evidence tended to show were intended to protect brakemen, and should be wide enough for that purpose, being but three inches wide, and entirely insufficient to protect him, he received the injury complained of. *Held*, that where trains are so made up of cars of different gauge, as the draw-heads are more apt to pass each other, it is more important that the bumpers should be well looked to, that they may afford the intended protection, and the defect being an obvious one, and easily remedied, the testimony authorized a finding of negligence on the part of defendant.

The two cars in question did not belong to defendant but to other railroad companies, which were received by defendant and were being transported over its road; they were in good repair, and the defect was in their original construction. *Held*, that this did not relieve defendant from liability.

A railroad company, drawing the cars of another company over its road, owes a duty to its employes in reference thereto. It is bound to inspect such cars the same as its own, and is responsible for the consequences of such defects as would have been disclosed by ordinary inspection, as it is its duty either to remedy them or to refuse to take the cars. The employe no more assumes the risks of such defects than those in cars belonging to his employer.

(Argued October 21, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General. Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 29 Hun, 637.)

· The nature of the action and the material facts are stated in the opinion.

*Lewis E. Carr* for appellant. The servant assumes the risks

ordinarily incident to the business in which he engages as it is conducted by his employer, or as it may from time to time be changed by the employer. (Wood on Mast. and Serv., § 326; *Priestly* v. *Fowler*, 3 M. & W. 1; *Owen* v. *R. R. Co.*, 1 Lans. 108; 6 Alb. L. J. 174; *De Forrest* v. *Jewett*, 88 N. Y. 264; *Gibson* v. *R. R. Co.*, 63 id. 449; *Ladd* v. *R. R. Co.*, 119 Mass. 412; *R. R. Co.* v. *Flanagan*, 77 Ill. 365; *Powers* v. *R. R. Co.*, 98 N. Y. 274; *Haskin* v. *R. R. Co.*, 65 Barb. 129; *De Graff* v. *R. R. Co.*, 3 T. & C. 255; 76 N. Y. 125; *Henry* v. *S. I. R. R. Co.*, 81 id. 373; *White* v. *Sharp*, 27 Hun, 94.) There was error in the disposition of the case at the Circuit, because the accident to the plaintiff resulted from imperfections, if there were any, that were patent, and the risk from them was one assumed by the plaintiff. (Wood on Mast. and Serv. 681, 682, 698; *De Graff* v. *R. R. Co.*, 3 T. & C. 255; *Laning* v. *R. R. Co.*, 49 N. Y. 531; *Smithson* v. *R. R. Co.*, 1 A. & E. R. R. Cases, 101, 105.) Opportunity to know is knowledge. (*Porter* v. *H. R. R. Co.*, 2 A. & E. R. R. Cases, 44; 71 Mo. 66; *Wright* v. *R. R. Co.*, 25 N. Y. 562; *Loonam* v. *Brockway*, 3 Robt. 74.) The court erred in ignoring the fact that the cars between which the plaintiff was injured were not those of the defendant, and in instructing the jury that such fact was entirely immaterial. (*Salter* v. *Jewett*, 85 N. Y. 61; *Agawam Bk.* v. *Streever*, 18 id. 502; *Eaton Co.* v. *Every*, 83 id. 31; *Isaacson* v. *R. R. Co.*, 94 id. 278; *M. R. R. Co.* v. *Smithson*, 1 A. & E. R. R. Cases, 101, 106; *People* v. *R. R. Co.*, 28 Hun, 543; *S. C.*, 22 id. 533; *Jones* v. *R. R. Co.*, id. 284; *Ballou* v. *R. R. Co.*, 26 Alb. L. J. 137; 5 A. & E. R. R. Cases, 480; *Baldwin* v. *R. R. Co.*, 50 Iowa, 680; *Mackin* v. *B. & A. R. R. Co.*, 135 Mass. 201; 15 A. & E. R. R. Cases, 196; *Smith* v. *Potter*, 2 id. 140.) Many things in railroad management are matters of executive detail, which must of necessity be intrusted to servants to perform, and neglect in those duties is not of the master. (*Rose* v. *R. R. Co.*, 58 N. Y. 217; *McCosker* v. *R. R. Co.*, 84 id. 77; *Bissel* v. *R. R. Co.*, 70 id. 171.) There was want of proper care on part of the plaintiff. (Wood on Mast. and Serv., §§ 335, 372, 373;

*Brown* v. *Maxwell*, 6 Hill, 592; 2 Thompson on Neg., 1014, §§ 19, 20; *McMillan* v. *R. R. Co.*, 20 Barb. 449; *T. R. R. Co.* v. *Ashbury*, 84 Ill. 429; *R. R. Co.* v. *Jewell*, 42 id. 99; *Porter* v. *H. R. R. Co.*, 2 A. & E. R. R. Cases, 44; *Gorton* v. *R. R. Co.*, 45 N. Y. 660; *Hewitt* v. *R. R. Co.*, 3 Lans. 358; *Tolman* v. *R. R. Co.*, 98 N. Y. 128.) It is the duty of the servant to make a vigilant use of his senses, for the purpose of ascertaining the condition of the appliances of which he is about to make use, so far as they are open to ordinary observation. (*Lake Shore R. R. Co.* v. *McCormick*, 5 A. & E. R. R. Cases, 474.) If the servant has the same knowledge, or means of knowledge, or the same opportunity of knowledge, with the master, of the defect complained of, such opportunity is in law knowledge and he is chargeable with its consequence. (Wood on Mast. and Serv., § 366; *R. R. Co.* v. *Barber*, 5 Ohio, 541; *Loonam* v. *Brockway*, 3 Robt. 74, 83.) If the defect is open to ordinary observation, the risk from it is assumed. (Wood on Mast. and Serv., § 335; *Owen* v. *R. R. Co.*, 1 Lans. 108; *Powers* v. *R. R. Co.*, 98 N. Y. 274.)

*John W. Lyon* for respondent. A railroad company owes to its employes the duty of providing and maintaining its operative machinery and appliances in good, safe and suitable repair, so as to protect them against danger, and those who are charged with the duty of providing and maintaining the machinery and appliances for the operation of a railroad represent the corporation, and their want of care and omission of duty in that respect is the negligence of the corporation itself. *Ellis* v. *Erie Co.*, 95 N. Y. 546; *De Kay* v. *Erie Co.*, 33 Hun, 665; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549; *Laning* v. *N. Y. C. R. R. Co.*, 79 id. 521; *Connolly* v. *Pollion*, 41 Barb. 366; *Plank* v. *N. Y. C. R. R. Co.*, 60 N. Y. 607; *Mehan* v. *S. B. & N. Y. R. R. Co.*, 73 id. 585; *Booth* v. *B. & A. R. R. Co.*, id. 138; *Muldooney* v. *Ill. C. R. R. Co.*, 36 Iowa, 462; *Fay* v. *M. & St. L. Ry. Co.*, 15 N. W. Rep. 241; *King* v. *O. & I. Ry Co.*, 14 Fed. Rep. 277; *G. T. Ry Co.* v. *Cummings*, 27 Alb. L. J. 294; *Corcoran* v. *Holbrook*, 59 N. Y.

517; *Ryan* v. *Fowler*, 24 N. Y. 410; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240; *Kain* v. *Smith*, 80 id. 458; *Cone* v. *D. L. & W. R. R. Co.*, 81 id. 206; *Fuller* v. *Jewett*, 80 id. 46; *Hough* v. *Ry. Co.*, 100 U. S. 213; *Painton* v. *N. C. R. R. Co.*, 83 N. Y. 7; *Braun* v. *C., R. I. & P. R. R. Co.*, 22 Alb. L. J. 117; *C. & N. W. R. R. Co.* v. *Jackson*, 55 Ill. 492; *Shanny* v. *Androscoggin Mills*, 66 Me. 420; *Gibson* v. *P. R. R. Co.*, 46 Mo. 163; *C., etc., Co.* v. *State*, 44 Md. 283; *Wedgwood* v. *C. & N. R. R. Co.*, 44 Wis. 18.)  Plaintiff had the right to understand and assume that the defendant had exercised care and diligence in providing and maintaining safe and suitable means and appliances for the service he was required to perform so as not to expose him to unreasonable risks or dangers.  (*Connelly* v. *Pollion*, 41 Barb. 366; *Noyes* v. *Smith*, 28 Vt. 59; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Ford* v. *F. R. R. Co.*, 110 Mass. 240; *Gibson* v. *P. R. R. Co.*, 2 Am. Rep. 500; *F. W., etc., R. R. Co.* v. *Gildersleeve*, 33 Mich. 133; *T., etc., R. R. Co.* v. *Ingraham*, 77 Ill. 309.)  Defendant was obliged to provide safe and sound buffers as appliances to its cars in the first instance, and for any negligence in that respect the defendant is liable.  (*Ford* v. *F. R. R. Co.*, 14 Am. Rep. 598; *Hough* v. *T. & P. R. R. Co.*, 21 Alb. L. J. 129.)  The act of omission of the defendant to furnish in the first place safe and suitable buffers as appliances to said cars, was the act or omission of the defendant irrespective of any negligence of the inspectors or whoever placed the cars together in making up the train, and in this case there is no middle ground.  (*Fuller* v. *Jewett*, 80 N. Y. 52; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240; *Kain* v. *Smith*, 80 id. 458; *Braun* v. *C., R. I. & P. R. R. Co.*, 22 Alb. L. J. 117; *Tierney* v. *M. & L. R. R. Co.*, 32 id. 133.)  The plaintiff had the right to understand and assume hat the defendant had exercised care and diligence in providing suitable means for the service he was required to perform, so as not to expose him to unreasonable risks or dangers.  (*Shaw* v. *Sheldon*, 21 Weekly Dig. 489; *Connelly* v. *Pollion*, 41 Barb. 366; *Ryan* v. *Fowler*, 24 N. Y. 414; *Jetter* v. *N. Y.*

*& H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 364; *O'Neil* v. *St. L. R. R. Co.*, 9 Fed. Rep. 357; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 533.) As matter of law only ordinary and reasonable diligence was required on the part of the plaintiff. (*Gibson* v. *Erie Ry. Co.*, 63 N. Y. 449; *Hough* v. *Ry. Co.*, 100 U. S. 217; *Gibson* v. *P. R. Co.*, 2 Am. Rep. 499; *Combs* v. *N. B. C. Co.*, 102 Mass. 572.) The plaintiff was not required to guard against perils and hazards in which the negligence of the defendant had placed him. (*Hough* v. *Ry. Co.*, 100 U. S. 217; *Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 40.)

EARL, J. This action was brought to recover damages for personal injuries received by the plaintiff while in the discharge of his duties as a brakeman on a freight-train of the defendant. While trying to couple two cars he was crushed between them, sustaining serious injuries. Whether he was chargeable with contributory negligence was clearly a question of fact for the jury, and the trial judge did not err in submitting it to them nor in his charge in reference thereto. The sole questions for our consideration are whether there was any evidence of the defendant's negligence for submission to the jury, and whether there were any errors in the charge or refusals to charge of the trial judge in reference thereto.

At the time of this accident the defendant's road was so arranged that both broad and standard gauge cars could be run upon it in the same train, and there were both kinds of cars in the train upon which the plaintiff was acting as brakeman. The train broke in two in the night-time while under way, and the two cars which he was required to couple were of different gauge, and failing to make the coupling the draw-heads passed each other, and the bumpers not being wide enough to protect his person, he received the injuries complained of.

The evidence tends strongly to show that the main purpose of bumpers at the ends of freight cars is to protect brakemen while in the discharge of their duties between the cars, and that they should be sufficiently wide to protect the body of a

brakeman when the cars come together. When the draw-heads meet they furnish the protection. But they are liable to pass each other, and when they do, the brakeman who happens to be between the cars is exposed to danger, the only protection against which are the bumpers. When two cars come together which are of different gauge the draw-heads are more apt to pass each other, and hence in trains made up of cars of different gauge it is obviously more important that the bumpers should be well looked to, so that they may afford the protection for which they were intended.

In this case the evidence tended strongly to show that the bumper on each of the two cars which the plaintiff was attempting to couple, was made of a strip of wood only three inches thick nailed onto the car, thus leaving, when the cars came together, a space of only six inches, wholly insufficient for the protection of the brakeman.

The defendant was under obligation to its employes to exercise reasonable care and diligence in furnishing them safe and suitable implements, cars and machinery for the discharge of their duties, and upon the assumption that the defendant was responsible for the condition of these cars as if they were owned by it, there can be but little doubt that the evidence was ample to show that it had failed in its duty to the plaintiff. The defect was an obvious one, easily discoverable by the most ordinary inspection, and it would seem to be the grossest negligence to put such cars into any train and especially into a train consisting of cars of different gauge. But these two cars did not belong to the defendant. They belonged to other companies and came to it loaded, and it was drawing them over its road to their destination. They were in good repair, and the defects were in their original construction, they being just as they were originally made. The defendant claims that it was bound to receive and transport these cars over its road, and was under no responsibility for any defects in their structure, and that the plaintiff, upon entering into its employment, assumed all risks from such defects.

It is not necessary in this case to lay down with precision

the rule which governs the responsibility of railroad companies as to the cars of other companies which it is engaged in transporting over its road. In *Baldwin* v. *Railroad Co.* (50 Iowa, 680) it was held that it does not constitute negligence for a railroad company in the ordinary course of business to receive and transport the cars of other roads in general use which may not be constructed with the most approved appliances; and that the transportation or use of such cars by the company is one of the risks which an employe assumes in undertaking the employment. In *Ballou* v. *Railroad Co.* (54 Wis. 257) it was held that one railroad company receiving a loaded car from another and running it upon its own road is not bound to repeat the tests which are proper to be used in the original construction of such a car, but may assume that all parts of the car which appear to be in good condition are so in fact. The judge writing the opinion said: "In such case it would seem, upon principle, that the company so receiving a loaded car from another company is entitled to the benefit of the presumption that such car had been properly constructed of suitable material, and had passed the inspection of some one of ordinary skill in such matters, and that it was reasonably fit for the use to which it was devoted when so received." In *O'Neil* v. *Railroad Co.* (9 Fed. Rep. 337) it was held that the defendant was bound that no car, whether its own or a foreign car, should be otherwise than reasonably and adequately safe for its employes to handle and to manage in the ordinary conduct of its business; that when a railroad company hauls over its road cars not belonging to it, if an accident occurs from their being not reasonably safe or adequate, under any circumstances, for the business for which they are employed, and the accident occurs without the negligence of the employe, the company must respond thereto; and that the question in such a case is, was the car reasonably and adequately safe for the employe in handling the same? In *Mackin* v. *Railroad Co.* (135 Mass. 201) it was held that the defendant was bound as a common carrier to receive and draw cars brought to it from other roads, but that its obliga-

tion to draw such cars did not extend to such as were unsafe, and that as to cars so received it simply owed to its employes the duty of suitable inspection. In *Jetter* v. *Railroad Co.* (2 Abb. Ct. App. Dec. 458) the defective car causing the injury belonged to another company, and the judge writing the opinion said : " The party assuming to use it was responsible for its fitness to the use to which it was put. If the brakes were defective, the defendants were legally chargeable with any consequences that resulted from such defect while they were using the car for their own purposes," and that " railroad companies cannot escape responsibility from any defective carriages by borrowing them from one another." In *Jones* v. *Railroad Co.* (28 Hun, 364), affirmed in this court (92 N. Y. 628), plaintiff's intestate, a brakeman, was attempting to climb upon a freight car, and one of the iron rungs, which was defective, broke and he fell to the ground and was killed, and it was held that the defendant was liable although the car belonged to another company. (See, also, *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 99 N. Y. 657.)

It will thus be seen that the utterances of judges as to the responsibility of one company for the defective cars of another company drawn over its road are not entirely harmonious, and yet we think all the authorities hold that the company drawing the cars of another company over its road owes, in reference to such cars, some duty to its employes. It is not bound to take such cars if they are known to be defective and unsafe. Even if it is not bound to make tests to discover secret defects, and is not responsible for such defects, it is bound to inspect foreign cars just as it would inspect its own cars. It owes the duty of inspection as master, and is at least responsible for the consequences of such defects as would be disclosed or discovered by ordinary inspection. When cars come to it which have defects visible or discoverable by ordinary inspection, it must either remedy such defects or refuse to take such cars; so much, at least, is due from it to its employes. The employes can no more be said to assume the risks of such defects in foreign cars than in cars belonging to the company. As to

such defects the duty of the company is the same as to all cars drawn over its road. The rule imposing this responsibility is not an onerous or inconvenient or impracticable one. It requires before a train starts and while it is upon its passage the same inspection and care as to all the cars in the train.

The defect here complained of was obvious, easily discoverable by the most ordinary inspection, and it seems that it could have been easily remedied by simply nailing or fastening additional strips of wood to the ends of the cars, so as to give the bumpers sufficient width to afford the protection needed and intended.

These rules of law were not violated by the trial judge in his charge when it is applied to the facts of this case. He charged: "In considering these questions you can lay out of view the fact that these cars did not belong to the company. I charge you that it was entirely immaterial whether this was a hired or borrowed car, or whether it belonged to the company or not. If the company placed it in operation and placed it before its employes for use, then they were held to liability if it was defective, and if you shall find it to have been defective." And upon the request of the defendant's counsel he refused to charge, "If the cars between which the plaintiff was injured were those of another company than the defendant, it is not chargeable with negligence if they were improperly constructed or for any defects in their construction. The extent of the defendant's duty was to see that they were in good repair while on its road." While the charge, as made, may have been erroneous so far as it laid down a general rule, as applied to this case, where the defect complained of was plainly visible and easily discoverable by ordinary inspection without the application of any extraordinary or unusual tests, it was sufficiently accurate.

We have carefully considered the other points argued by the learned counsel for the defendant, but do not believe them to be well taken, and they require no particular attention here.

The judgment should be affirmed.

All concur.

Judgment affirmed.