JOHN R. JONES *vs.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO.

PROVIDENCE — JULY 23, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The credit to be given to the testimony of a witness is for the determination of the jury, and their verdict is not to be disturbed on the ground that it is against the evidence in this respect.

Plaintiff's injury was alleged to have resulted from a loosened grab-iron on the top of a car, and defendant offered testimony to show that when certain repairs were made upon the car six days after the accident the grab-iron was not out of repair:—

*Held,* that the testimony was properly excluded on the ground that no offer was made to show that the grab-iron at the time of the repairs upon the car was in the same condition that it was on the day of the accident.

Defendant objected to the introduction of evidence as to whether the train had its full complement of train men at the time of the accident, on the ground that the declaration contained no allegation that the accident resulted from this cause:—

*Held,* that the evidence was properly admitted to show that the plaintiff was in a proper position on the train at the time the accident occurred, and to rebut the possible claim that he was guilty of contributory negligence.

A defect discoverable by reasonable inspection should be ascertained and remedied, not only on the defendants' own cars but also on the cars received by it to be drawn over its road.

A new trial will not be granted for newly discovered evidence which goes merely to discredit or impeach the testimony of a witness.

TRESPASS ON THE CASE for negligence of the defendant in having a defective grab-iron on the top of a freight car on which plaintiff was employed by defendant as a brakeman, and in the attempt to use which he was injured. After verdict for the plaintiff, heard on defendant's petition for a new trial.

MATTESON, C. J. The only testimony as to how the accident happened is that of the plaintiff. His statement is that, as he was climbing the car, the grab-iron on top of the car, as he laid hold of it, being loose at one end, swung around, and he was in consequence precipitated to the ground. The plaintiff is corroborated in his statement by the testimony of the witness Rollins to the extent that the grab-iron on the car from which the plaintiff testifies that he fell was loose at one end. There is no direct testimony in contradiction of that of the plaintiff and Rollins, but the defendant sought to discredit it by attempting to show that the plaintiff had made statements, shortly after the accident, to one witness that he did not know how it occurred, and to other witnesses that he was injured by the giving away of a brake-wheel in setting the brake, and by attempting to show that the testimony of Rollins was inconsistent with his conduct after the accident. The credit to be given to the plaintiff's testimony and to that of Rollins was for the determination of the jury. Their verdict being in favor of the plaintiff, it is not for us to disturb it on the ground that it is against the evidence in this respect.

We find no error in the refusal of the Common Pleas Division to permit the defendant to put in testimony to the effect that when the car arrived at Altoona, Pa., on December 31,

1895, six days subsequently to the accident, certain repairs were made upon it, but that the grab-iron was not out of repair, and no repairs were made on that. The travel of the car after the accident had not been shown by the testimony beyond New Haven, and the offer was not accompanied by any offer to show that the car was in the same condition at the time it arrived in Altoona that it was when it left New Haven, or, in other words, that no repair of the grab-iron had been made between New Haven and Altoona. If the grab-iron was defective, as testified by the plaintiff and Rollins, and consequently dangerous to the employees of the defendant or other railroad corporations over which the car might be transported, it is not improbable that it may have been repaired, subsequently to the accident, during its transit.

We do not think that the Common Pleas Division erred in admitting the evidence of the plaintiff on the question as to whether the train had its full complement of train men on the date of the accident. The ground of objection was that the declaration did not allege that the accident was due to a lack of the requisite number in the crew in charge of the train, but merely the defective condition of the grab-iron. The purpose of the testimony was not to show that the accident was occasioned by the lack of a sufficient number of men to properly handle the train, but to show that the plaintiff was properly in the position on the train in which he was at the time of the accident, to rebut any claim which might be made by the defendant to the contrary as the basis of a contention that the plaintiff was guilty of contributory negligence. We think the testimony was admissible for the purpose.

The defendant contends that if the plaintiff's injuries were occasioned in the manner alleged, they were occasioned by the act of a fellow servant, and, therefore, that the plaintiff is not entitled to recover. It is argued that, as the car belonged to another corporation, the defendant's car inspectors employed by it were, as to the plaintiff, in so far as the inspection of this car was concerned, fellow servants, and hence, in the absence of any claim that such inspectors were

not competent, that the plaintiff cannot maintain an action for an injury resulting from a failure of the former to perform their duty.    There is a wide diversity of opinion in relation to the obligation of a railroad company to inspect the cars of other companies received by it for transportation. The cases relating to the subject are collected in 3 Elliot on Railroads, § 1279, notes.    It seems to us that the better view, as well as that sustained by the weight of authority, is that laid down in *Gottlieb* v. *New York, Lake Erie & Western Railroad Co.*, 100 N. Y. 462.    This view is that a railroad company "is bound to inspect foreign cars just as it would inspect its own cars, that it owes the duty of inspection as master, and is at least responsible for the consequences of such defects as would be disclosed or discovered by ordinary inspection.    When cars come to it which have defects visible or discoverable by ordinary inspection, it must either remedy such defects or refuse to take such cars.    So much at least is due from it to its employees.    The employees can no more be said to assume the risks of such defects on foreign cars than on cars belonging to the company.    As to such defects, the duty of the company is the same as to all cars drawn over its road."    The court adds that this rule is neither onerous, inconvenient or impracticable.    It requires, before the train starts and while upon its passage, the same inspection and care as to all the cars on the train.

The defect complained of in the present suit was one which could have been discovered by reasonable inspection, and one, therefore, which it was the duty of the defendant, under the rule stated, to have ascertained and remedied.    Having failed in its duty in this respect, it is liable to the plaintiff for the injuries to him which have ensued.

We do not think that the evidence alleged to be newly discovered, as set forth in the affidavits filed and accompanying photographs, is such as to entitle the defendant to a new trial.

No reason appears why the fact that the box car 16,500 T. H. & I. was constructed with side ladders instead of end

ladders could not have been proved at the trial. At least one of the witnesses, Kipple, called for the defendant, had seen and inspected this car prior to the trial, and for aught that appears his testimony on the point might have been taken if inquiry concerning it had been made.

Moreover, the effect of the testimony is merely to impeach or discredit that of the plaintiff, that the car from which he fell had end ladders, and it has been repeatedly held that a new trial will not be granted for newly discovered evidence which goes merely to discredit or impeach the testimony of a witness. *Francis* v. *Baker*, 11 R. I. 103 ; *Dexter* v. *Handy*, 13 R. I. 474 ; *Roberts* v. *Roberts*, Index RR, 169.

But, aside from these technical suggestions, the evidence is not sufficiently conclusive in itself to warrant a new trial. It is designed to establish that car 16,500 T. H. & I. had side ladders and not end ladders, the purpose being to argue from this that the plaintiff's testimony was false, or mistaken, because he said in his testimony that the car from which he fell had end ladders, and that he thought it was car 16,500 T. H. & I. The plaintiff did not pretend to state positively that the car from which he fell was that designated as 16,500 T. H. & I., and it was evident that his knowledge as to the marks upon the car was derived from some one subsequently to the accident. His affidavit filed at the hearing states that this information was obtained from the conductor of the train in September, 1896, long subsequent to the accident. But it is not pretended that the conductor had any knowledge of the position in the train of the car in question save that afforded by his train book, which contained a record of the cars composing the train. It does not appear that any reason existed for a record in the train book of the precise order in which the cars were arranged in the train, and in the absence of such reason it is not to be presumed that especial care was taken to have the cars entered in the train book in the exact order of their position in the train ; and if not, the evidence of the train book, while it may be accurate as to the cars in the train, is not conclusive as to the position of any particular car ; and hence car 16,500 T. H. & I. may not have been in

the position in the train of the car from which the plaintiff testifies that he fell, and if not, it may not have been that car.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment for the plaintiff on the verdict.

*Walter B. Vincent & Herbert A. Rice,* for plaintiff.

*Frank S. Arnold,* for defendant.